SWANSON LAW OFFICE
JEFFERY J. SWANSON (#155118)
MARK D. NORCROSS (#130345)
2515 Park Marina Drive, Suite 102
Redding, California 96001
Telephone: (530) 225-8773
Facsimile: (530) 232-2772

Attorneys for ED F. EDWARDS and
SUSAN L. EDWARDS.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA LYN CARREON<br><br>Plaintiff,<br><br>vs.<br><br>ED F. EDWARDS and SUSAN L. EDWARDS,<br><br>Defendants. | Case Number: 2:19-CV-01879 TLN-EFB<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(1) AND 12(b)(6)**<br><br>**DATE: February 6, 2020**<br>**TIME: 2 p.m.**<br>**COURT ROOM 2** |

## I. STATEMENT OF FACTS

Plaintiff alleges that she entered into a transaction with Defendants for the sale of real property in Shasta County in May 2015 for a purchase price of $79,000, of which she paid $16,000 down and an additional $1,260 in mortgage payments under a deed of trust. She seeks declaratory relief as to her obligations under the sales contract and deed of trust, quiet title to eliminate the deed of trust without having to pay for the property, for rescission, and for the $17,260 paid under a theory of money had and received. As detailed below, there are multiple deficiencies in the First Amended Complaint.

The first and most obvious issue is whether this Court has subject matter jurisdiction. As the First Amended Complaint recognizes, diversity jurisdiction under 28 USCS section 1332(a)

-1-
_____
POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of
2  interest and costs…" Without a sufficient allegation of the amount in controversy, the Court is
3  without subject matter jurisdiction.

4   Here, despite the conclusory allegation that the amount in controversy exceeds the
5  jurisdictional amount, the allegations of the First Amended Complaint compel the conclusion
6  that the amount in controversy is actually only the $17,260 that Plaintiff is out of pocket. The
7  first claim for relief seeks a declaration that the transaction is void, but does not seek damages
8  other than costs and attorney's fees.

9   The third claim for relief for rescission and the fourth claim for relief for money had and
10 received seek return of the $17,206 paid to Defendants. The second claim for relief seeking to
11 quiet title in Plaintiff and to remove the mortgage lien fails to allege a claim within the
12 jurisdictional requirements of this Court; as revealed by the pleadings and attached exhibits, the
13 lien at close of escrow was $63,000, still less than the Court's jurisdictional minimum. .
14 Therefore, each claim for relief and the entire First Amended Complaint should be dismissed
15 pursuant to Rule 12(b)(1).

16  Second, the First Amended Complaint is barred by the statute of limitations, since it was
17 filed more than four years after the sale of the property. Plaintiff attempts to skirt the issue by
18 claiming "delayed discovery" in September 2015. But in order to do so in a breach of contract
19 case, she must allege that the breach "occurred in secret" and that the damages were not
20 reasonably discoverable until a later date.

21  Plaintiff claims that she did not know about the prior alleged illegal activity (marijuana
22 grow) on the property (see, e.g., FAC ¶¶ 10-12), but her own exhibits disclose the alleged defects
23 (see Mutual Purchase Sale Agreement, attached as Plaintiff's Exhibit 1 to the FAC, at p. 3, ¶ 14
24 and p. 4, ¶¶ 20 17, and the Preliminary Title Report, attached as Exhibit 1 B to the First
25 Amended Complaint, at page 6, item 16.) These documents specifically reference a Notice of
26 Noncompliance recorded in Shasta County, a certified copy of which is attached to the Request
27 for Judicial Notice served and filed herewith. (See Request For Judicial Notice and Exhibit A
28 thereto.) Defendants request that the Court take judicial notice pursuant to Federal Rules of

_____
POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Evidence, Rule 201 and Rule 803(8)(B) of this recorded document as notice to Plaintiff of the matters described therein, and Plaintiff's Exhibits as notice of the matters disclosed therein. The Notice of Noncompliance makes specific reference to marijuana cultivation on the subject property, as well as unpermitted shed and shacks, an illegal refuse dump, and public nuisance.

Second, Plaintiff alleges that there was an inspection and report by a Shasta County Inspector on June 3, 2015. (FAC at ¶ 19.) Restated, she alleges that the "concealed" fact that triggered the action was not any conduct by Defendants, nor any concealment of any fact by Defendants, but instead an action by Shasta County *after* escrow closed in May 2015. Defendants suggest that it is reasonable to assume that the June 3, 2015 notice was sent to Plaintiff, as she was the record title holder as of that date, again establishing notice well before the four years preceding the date Plaintiff's original complaint was filed. Thus, the elements of delayed discovery are not plead, and the entire action is barred by the statute of limitations and should be dismissed.

Third, Plaintiff has no standing to assert the claims raised, and the controversy is moot. After defaulting on the loan (as alleged in the FAC at ¶. 23), Defendants foreclosed, obtained a Trustee's Deed Upon Sale on January 9, 2019, that was recorded January 24, 2019. Defendants resold the property to a third party by deed recorded March 5, 2019. True and correct copies of these deeds are attached to the Request for Judicial Notice filed and served herewith and are matters of public record of which this Court may take judicial notice. Quite simply, the matters asserted in the First Amended Complaint are moot.

For each and all of the foregoing reasons, Defendants request that the Court grant these motions and dismiss the First Amended Complaint without leave to amend.

## I.

## THE AMOUNT IN CONTROVERSY IS LESS THAN THE COURT'S JURISDICTIONAL MINIMUM REQUIREMENTS

The sole basis of jurisdiction asserted in the First Amended Complaint is that the parties are citizens of different states and the conclusory allegation in Paragraph 4 that the amount in controversy is in excess of the jurisdictional minimum in diversity cases of $75,000. In a facial

_____
POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

attack on jurisdiction, the moving party accepts the truth of plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. (*Leite v. Crane Co.*, 749 F. 3d 1117, 1121 (Ninth Cir. 2017).) However, the jurisdictional requirements must be alleged with "facts, not mere legal conclusions, in compliance with the pleading standards established by [*Twombly*] and [*Iqbal*]." Id., at 1121. The conclusory allegation of paragraph 4 does not suffice to rebut a facial challenge.

The facts alleged in the First Amended Complaint demonstrate that the amount in controversy is much less than the $75,000 minimum. Instead, the value of the claim is the amount of money that Plaintiff paid to Defendants, a sum of $17, 260 (the amount potentially recoverable on the rescission claim or for "money had and received"), or in the alternative, quieting title by removing a $63,000 mortgage lien. Thus, the actual loss alleged in this breach of contract case is less than the jurisdictional minimum.

The prayer for relief under the first (declaratory relief) and the third (rescission) claims for relief ask for a decree of rescission and cancellation of the note (i.e., a return on her payment and a cancellation of the transaction), plus attorney's fees and costs. Under California law, it is black letter law that rescission "restores the parties to their former position." (1 Witkin, Summary of California Law. 10th, Contracts sect. 926 (2005); see also *Runyan v. Pac. Air Industries, Inc.*, 2 Cal.3d 304, 316 ("It is the purpose of rescission to restore both parties to their former position as far as possible…") A rescission "extinguishes a contract, rendering it void *ab initio*, as if it never existed." (*DuBeck v. Cal. Physicians' Serv.*, 234 Cal.App.4th 1254,1264.) That amount, per the complaint, is $17,260.

The prayer for the second claim for relief (quiet title) seeks removal of the $63,000 lien and payment of costs and attorney's fees, and the fourth claim for relief seeks return of her $17,260 in payments. None seek amounts, exclusive of attorney's fees and costs, in excess of $75,000.

The claims for attorney's fees and costs do not push the claim past the jurisdictional goal line. "An interest in attorney's fees is…insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co., v. Citizens for a Better*

POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Environment*, 523 U.S. 83, 107, 140L.Ed.2d 210 (1998). Thus we are left with claims below the jurisdictional minimum of the Court.

Wherefore this 12(b)(1) motion should be granted as the Court lacks jurisdiction to adjudicate the issues between the parties.

## II.
## ALL CLAIMS ARE BARRED ON THE FACE OF THE PLEADINGS BY THE STATUTE OF LIMITATIONS

The statute of limitations for "money had and received if the defendant is indebted to the plaintiff in a certain sum of money had and received by the defendant for the benefit of the plaintiff is two years." (Cal. Code Civil Procedure sect. 339(1).) The claim generally accrues upon the receipt of the money, but when applying the discovery rule, the claim "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." (Cal.Civil Code sect 339(1); *Duke Gerstel Shearer, LLP v. Pursaino*, 2012 Cal.App. Unpub. LEXIS 7256, 2012 WL 4712102, at 6 (Unp.Dec. Oct.4, 2012).) Here, the claim accrued in May 2019. Applying a delayed discovery rule changes nothing. Plaintiff alleges the date of discovery as September 21, 2015. Alternately, Plaintiff alleges she demanded rescission in January 2016. But all dates are more than two years prior to the filing of the complaint. The statute of limitations for the fourth claim for relief has expired.

The remaining claims sound in contract, and thus are subject to a four year statute of limitations. (Cal. Code Civ. Proc. Section 337.) Generally, a cause of action for breach of contract "accrues at the time of the breach" and the statute begins to run "regardless of whether any damage is apparent or whether the injured party is aware of the right to sue." (*Perez-Encinas v. AmerUs Life Ins. Co.,* 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (citing *Niles v. Louis H. Rapoport & Sons,* 53 Cal. App. 2d 644, 651, 128 P.2d 50 (Cal. Ct. App. 1942).) Here, the contract was entered into in May 2015, and Plaintiff alleges that the facts constituting the breach (nondisclosure of certain conditions pertaining to the suitability of the property), existed as of

_____
POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

that date. Since the action was not brought until September 2019, more than four years after the accrual of her cause of action, it is barred absent an exception to the statute of limitations.

To avoid the obvious and fatal flaw of the running of the statute of limitations, Plaintiff seeks refuge in the delayed discovery doctrine, claiming that she did not discover the facts entitling her to sue until September 21, 2015, a date conveniently a few days within the four year time frame that she filed the instant action. She does not, however, plead the elements of delayed discovery required to toll the statute of limitations for a breach of contract claim.

Under the delayed discovery rule, California courts attempt to ameliorate the harshness of a strict statute of limitation in claims involving "fraud, difficult-to-detect injuries, or the breach of a fiduciary relationship. (*Perez,* above, 468 F. Supp. 2d at 1134.) The discovery rule has been applied to breach of contract actions not involving fraud for "breaches, which can be, and are committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." *April Enterprises, Inc. v. KTTV,* 147 Cal. App. 3d 805, 832, 195 Cal. Rptr. 421 (Cal. Ct. App. 1983).

Applying this rule, a cause of action accrues when the plaintiff discovers or could have discovered, through the exercise of reasonable diligence, all of the facts essential to his cause of action. (*April Enterprises, above,* at 826.) Two overarching principles guide a court in assessing whether the discovery rule is applicable in a given case. First, "plaintiffs should not suffer where circumstances prevent them from knowing they have been harmed." (*Gryczman v. 4550 Pico Partners, Ltd.,* 107 Cal. App. 4th 1, 5-6, 131 Cal. Rptr. 2d 680 (Cal. Ct. App. 2003).) Second, "defendants should not be allowed to knowingly profit from their injured's ignorance." *Id.* A court looks to "three characteristics of appropriate applications of the discovery rule: (1) the injury or the act causing the injury, or both, have been difficult for the plaintiff to detect; (2) the defendant has been in a far superior position to comprehend the act and the injury; and (3) the defendant had reason to believe the plaintiff remained ignorant he had been wronged." *Perez,* 468 F. Supp. 2d at 1135 (internal quotation marks omitted) (citing *Gryczman,* 107 Cal. App. 4th at 5). The discovery rule is appropriate for breaches *committed secretly* where it would be unreasonable to require a contracting party to continuously monitor whether the other party is

POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

performing some act inconsistent with the terms of the contract. (*April Enterprises,* 147 Cal. App. 3d at 832.)

Plaintiff alleges nothing that occurred "in secret." She contends that she did not know, and sellers failed to disclose, that the property had been the site of an illegal, nuisance marijuana grow. (See FAC ¶¶ 9-12.) "She would have been deterred entirely from buying the Property by fear of the legal barriers to full use of the Property." (FAC, ¶ 11.) But her own documents give lie to this allegation. Instead, in Paragraph 14 of the Mutual Purchase Sale Agreement (Exhibit 1 to the First Amended Complaint) the following language appears:

> 14.   The Land is in the process of having the following encumbrance cleared from its title: PTR[1] Item 16, A Notice of Substandard Property (the "NSOP") with Recording No.: 2015-0000923. As disclosed by Sellers, the NOSP requires Sellers to remediate natural soil by filling in some depressions and re-seeding a small area. Sellers have paid the fee for Shasta County inspection, and in the event further expenses are incurred in the curing of this Notice of Substandard Property the same will be accomplished at Seller's sole expense.

A true and correct copy of the recorded Notice as specified in the contract is attached as Exhibit A to the Request for Judicial Notice served and filed herewith, and Defendants request that the Court take judicial notice of this document and the statements made thereon. In particular, the Notice refers to "marijuana cultivation W/O legal residence of primary place of residence" and to "public nuisance." Further, the preliminary title report, attached as Exhibit B to FAC Exhibit 1, discloses this same recorded document. Since specific reference to this document in the preliminary title report and the inclusion of a reference to the document and its contents appears in the contract, any suggestion that Plaintiff was oblivious to the prior use of the property for marijuana cultivation or a prior public nuisance issue is a manifest misrepresentation of Plaintiff's *own proof* that the disclosure was made prior to close of escrow. Further, it cannot be concluded that a publicly recorded document referenced in the transaction documents was something created in "secret" within the elements of the delayed discovery rule. The claims relying on these allegations are barred by the statute of limitations.

---

[1] Moving Party believes that "PTR" refers to the Preliminary Title Report, included as Exhibit B to the First Amended Complaint.

POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

The remaining claim involves an order issued by a Shasta County inspector a*fter close of escrow* on June 3, 2015. Common sense dictates that the Defendants cannot be sued for failing to disclose prior to close of escrow facts occurring after the close. Moreover, an inspection by a public official is not conducted "in secret" or concealed to bring it within the discovery rule. Third, such notices are sent to the owner of record, which as of June 3, 2015, was Plaintiff. The claims relying on these allegations are barred by the four year statute of limitations.

For all these reasons, Defendants respectfully submit that each of the claims for relief are barred by the statute of limitations and should be dismissed without leave to amend.

## III.

## THE CLAIMS ASSERTED ARE MOOT

Plaintiff's claims that Defendants have slept on their rights and should be barred from enforcing the deed of trust, apart from being a misstatement of California law, are simply incorrect. In fact, as shown by the deeds filed in the Shasta County Recorder's Office, Plaintiff was foreclosed upon with a trustee's deed delivered to Defendants. (See Exhibit B to the Request for Judicial Notice filed herewith.) Plaintiff no longer owns the property. For that matter, neither do the Defendants, as they have since sold it to a third party. ((See Exhibit C to the Request for Judicial Notice.) There are no rights to declare under the contract, as the contract has been eliminated; there is no cloud on Plaintiff's title since she has no title. And having failed to defend against foreclosure after admittedly failing to pay the mortgage for over three years, it is Plaintiff who slept on her rights, and who no longer owns the property. There is no case or controversy. This case is moot. Wherefore Defendants request that the entire action be dismissed without leave to amend.

Dated: December 30, 2019                              SWANSON LAW OFFICE

                                                       By:   /s/ Jeffery J. Swanson
                                                              Jeffery J. Swanson
                                                               Attorneys for Defendants
                                                              Ed F. Edwards and Susan L. Edwards