UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA LYN CARREON,<br><br>    Plaintiff,<br><br>    v.<br><br>ED F. EDWARDS and SUSAN L. EDWARDS,<br><br>    Defendants, | No. 2:19-cv-01879-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants Ed F. Edwards and Susan L. Edwards (collectively, "Defendants") Motion to Dismiss. (ECF No. 8.) Also before the Court is Plaintiff Tara Lyn Carreon's ("Plaintiff") Motion for Leave to Amend. (ECF No. 9.) Both motions have been fully briefed. For the reasons set forth below, the Court GRANTS Plaintiff's motion to amend and DENIES Defendants' motion to dismiss as moot.

///
///
///
///
///
///
///

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute over allegedly false representations in a sale of real property in Shasta County, California (the "Property") on or about May 27, 2015 and the subsequent foreclosure on the Property. (ECF No. 1.) Plaintiff filed this action on September 17, 2019. (*Id.*) On November 26, 2019, Plaintiff filed the First Amended Complaint ("FAC"). (ECF No. 6.) On December 30, 2019, Defendants filed a motion to dismiss. (ECF No. 8.) On January 23, 2020, Plaintiff filed her motion for leave to amend. (ECF No. 9.) Because the Court intends to grant Plaintiff's motion for leave to amend, the Court need not and does not address Defendants' motion to dismiss.

### II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Federal Rule of Civil Procedure 15(a)(2) ("Rule"), a party may amend its pleading only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Courts consider the following factors to determine whether leave to amend should be granted: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing amendment; and (5) futility of amendment. *See Foman*, 371 U.S. at 182; *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Of these, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, . . . there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). However, denial of leave to amend on

2

this ground is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.*

### III.   ANALYSIS

Plaintiff seeks to amend her FAC to: (1) name Janelle St. Pierre and Britany Lynn Dickerson as defendants; (2) dismiss Plaintiff's causes of action to quiet title, rescission, and restitution against Defendants; and (3) add claims alleging violations of 42 U.S.C. § 1983, violations of the Uniform Voidable Transactions Act ("UVTA"), violations of California Penal Code § 496(c), breach of contract, and intentional infliction of emotional distress. (*See* ECF Nos. 9, 9-1.) Plaintiff argues the Court should grant leave to amend because there has been no bad faith or dilatory motive, the amendments allege facts previously unknown to Plaintiff, no party will suffer prejudice, and amendment is necessary to provide complete relief among the parties with respect to all related matters. (ECF No. 9.)

Defendants oppose Plaintiff's motion, arguing the claims in the proposed Second Amended Complaint ("SAC") (ECF No. 9-1) are inadequate. (*See* ECF No. 14.) Specifically, Defendants argue Plaintiff's civil rights, UVTA, and breach of contract claims are "frivolous" (*Id.* at 4, 5), Plaintiff's California Penal Code claim is "incomprehensible" (*Id.* at 8), Plaintiff fails to state an intentional infliction of emotional harm claim (*Id.* at 12), and Plaintiff's alleged damages are insufficient to meet the amount in controversy requirement of 28 U.S.C. § 1332 (*Id.* at 13).[1] As futility appears to be the only disputed *Foman* factor, the Court will first address whether the proposed claims are futile before briefly addressing the remaining factors.

A.   Futility

*i.   First Cause of Action: Due Process*

In 42 U.S.C. § 1983 ("§ 1983"), Congress provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Section 1983 creates

---

[1] This contention is wholly without merit. Even a cursory inspection of the SAC reveals Plaintiff alleges damages far in excess of the jurisdictional minimum. (ECF No. 9-1 at 2 n.1, 14, 15, 18, 19.)

"a species of tort liability" (*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986)), requiring proof of only two elements: (a) the defendant was acting under the pretense of state law; and (b) while doing so deprived the plaintiff of rights secured by the Constitution or federal statutes. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants argue Plaintiff cannot state a § 1983 claim because "[t]here is no allegation that sellers or the foreclosure trustee are state actors or employees" and "merely proceeding under a state law remedy" is insufficient. (ECF No. 14 at 5.) Plaintiff responds by challenging Defendants' narrow definition of "under color of state law," arguing the element encompasses more than actions solely performed by government employees. (ECF No. 18 at 4–5.)

It is difficult to state a cause of action under § 1983 against a private actor. *See, e.g.*, *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) (exercise of self-help remedy authorized by state statute not state action); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972) (issuance of state liquor license to racially discriminatory club not state action). However, it is not impossible. *See, e.g.*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) (finding a private company acted under color of state law when it sought and received a statutorily unauthorized writ of attachment from a state court due to the close relationship between the state court's actions and those of the private company). Plaintiff, in her SAC, alleges "[t]he foreclosure proceeding, the recordation of documents in compliance with Shasta County law, and the use of government recordkeeping facilities, all constitute forms of state action." (ECF No. 9-1 at 10). While without more this statement fails to satisfy the first element of a § 1983 claim, the Court at this time cannot say that amendment would produce no set of facts that state a valid claim. *Miller*, 845 F.2d at 214. Accordingly, the Court cannot determine that amendment would be futile.

> ii.     *Second Cause of Action: Uniform Voidable Transactions Act*

California's UTVA allows a creditor to sue to set aside a transfer of property by a debtor, where the transfer defrauds that creditor. *See* Cal. Civ. Code § 3439.04; *see also Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 80 (2001). Under the UVTA, a creditor can void a transfer made by a debtor if the debtor made the transfer: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; (2) without receiving a reasonably equivalent value for the transfer; and (3)

4

either engaging in a transaction where the remaining assets of the debtor were unreasonably small in relation to the transaction or intending to incur debts beyond the debtor's ability to pay timely. Cal. Civ. Code. § 3439.04.

Plaintiff alleges she is Defendants' creditor based on her breach of contract claim. (ECF No. 9-1 at 12.) Plaintiff alleges Defendants, St. Pierre, and Dickerson foreclosed on and then transferred the Property to intentionally deprive Plaintiff of her claim. (*Id.* at 10–11.) Plaintiff alleges the sale to Dickerson was without adequate consideration. (*Id.* at 13.) Plaintiff fails to plead the third element in her SAC. (*See id.*) Defendants assert Plaintiff is unable to state any of the elements of a UTVA claim, Plaintiff is not their creditor, Plaintiff's claim is barred by the statute of frauds, and Defendants are immunized against suit by statute. (ECF No. 14 at 5–8.)

Defendants fail to convince the Court the statute of frauds and statutory immunity appear on the face of Plaintiff's filings to bar her UTVA claim. Defendants may assert these defenses in a responsive pleading if they so choose. Although there appears to be some deficiencies in Plaintiff's UVTA claim, the Court cannot conclusively find there are "no set of facts" that can be proven by amendment to constitute "a valid and sufficient claim." *Miller*, 845 F.2d at 214. Accordingly, the Court cannot determine that amendment would be futile.

### iii.   *Third Cause of Action: California Penal Code § 496(c)*

California provides a private cause of action for those injured by the defendant's "recei[pt of] . . . property that has been obtained in any manner constituting theft." Cal. Pen. Code § 496(a), (c). To prevail under § 496, a plaintiff must plead and prove the following: (a) the property was stolen; (b) the defendant knew the property was stolen; and (c) the defendant had possession of the stolen property. *People v. Land*, 30 Cal. App. 4th 220, 223 (1994). "Theft" is defined elsewhere in the California Penal Code as "fraudulently appropriat[ing] property which has been entrusted to him or her" or "knowingly and designedly, by any false or fraudulent representation or pretense, defraud[ing] any other person of money, labor or real or personal property." Cal. Pen. Code § 484(a); *see also People v. Kunkin*, 9 Cal. 3d 245, 250–51 (1973).

Plaintiff alleges she "entrusted" Defendants with her equitable interest in the Property after finding out the Property was subject to county-imposed restrictions due to an illegal

5

marijuana operation. (ECF No. 9-1 at 14–15.) Plaintiff further alleges she relied on Defendants' promises not to foreclose on her interest without notice to Plaintiff. (*Id*. at 15.) Finally, Plaintiff alleges Defendants fraudulently concealed all evidence of the foreclosure and transfer to Dickerson in order to "steal" the Property from Plaintiff. (*Id.*) Defendants argue § 496 does not apply on its face because St. Pierre conducted a lawful foreclosure. (ECF No. 14 at 8.)

The California Courts of Appeal are split as to whether § 496(c) applies to conduct that constitutes breach of contract, fraud, misrepresentation, or breach of fiduciary duty. *Compare Siry Inv., L.P. v. Farkhondehpour*, 45 Cal. App. 5th 1098, 1137 (2020) (holding the language of § 496 "diverges from the Legislature's intent and that its narrower intent is controlling" — that is, only to extinguish the market for goods stolen from common carriers) *and Lacagnina v. Comprehend Sys., Inc.*, 25 Cal. App. 5th 955, 972 (2018) (refusing to apply § 496 to "theft" of labor in order to prevent the statute from eclipsing the traditional law of remedies for torts) *with Switzer v. Wood*, 35 Cal. App. 5th 116, 129–31 (2019) (holding § 496 applies to any type of fraudulent conduct or misrepresentation) *and Bell v. Feibush*, 212 Cal. App. 4th 1041, 1048 (2013) (holding § 496 encompasses theft by false pretense). The California Supreme Court granted review of *Siry* on July 8, 2020. *See Siry Inv. v. Farkhondehpour*, 468 P.3d 701 (Cal. 2020). The Court declines to decide a complex and disputed issue of California law under the liberal standard of a motion to amend, without the full briefing of a motion to dismiss, and before the California Supreme Court has had a chance to speak on the issue.

Therefore, given the ambiguity in California law as to the applicability of § 496 to the claims alleged in Plaintiff's SAC, the Court cannot conclusively find that amendment would be futile.

### *iv.     Fourth Cause of Action: Breach of Contract*

To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance of its obligations under the contract or an excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to plaintiff. *See Arch Ins. Co. v. Sierra Equip. Rental, Inc.*, No. 2:12-cv-00617, 2016 WL 4000932, at *3 (E.D. Cal. July 25, 2016) (citing *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014)).

Plaintiff alleges she and Defendants entered into a sales agreement and Plaintiff, Defendants, and St. Pierre executed a Deed of Trust. (ECF No. 9-1 at 16–24.) Defendants do not dispute this. (ECF No. 14 at 10–11.) Plaintiff alleges both agreements are void for fraud in inducement based on alleged misstatements, non-disclosures, and partial, selective disclosures made by Defendants that Plaintiff relied on. (ECF No. 9-1 at 17.) Plaintiff alleges Defendants breached by foreclosing without authority or notice, by violating the covenant of good faith and fair dealing, and by conspiring with St. Pierre to exercise the powers of trustee inequitably. (*Id.* at 15–18.) Plaintiff claims damages of $89,723.14. (*Id.* at 18.) Defendants' argue Plaintiff's excuse for nonperformance is insufficient because of Plaintiff's lack of due diligence in reviewing the Property's title. (ECF No. 14 at 10.) Defendants further argue the integration clause bars consideration of parole evidence. (*Id.*)

Whether Plaintiff exercised the requisite care in reviewing the Property's title before purchase is a question of fact not to be determined at this stage of litigation. Furthermore, Defendants fail to convince the Court that their interpretation of the contract appears clearly on the face of Plaintiff's filings such that it bars Plaintiff's claim. Therefore, Plaintiff's proposed amendments would not be futile.

*v.     Fifth Cause of Action: Intentional Infliction of Emotional Distress*

To plead an intentional infliction of emotional distress ("IIED") claim, a plaintiff must allege facts showing: (a) outrageous conduct by the defendant; (b) with the intention to cause or reckless disregard of the probability of causing emotional distress; (c) severe emotional suffering; and (d) actual and proximate causation of the emotional distress. *Agarwal v. Johnson*, 25 Cal. 3d 932, 946 (1979). To be outrageous, conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Ryan-Beedy v. Bank of N.Y. Mellon*, 293 F. Supp. 3d 1101, 1116 (E.D. Cal. 2018) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)). In other words, the conduct must be so egregious that the recitation of the facts to an average member of the community would result in the person exclaiming "Outrageous!" *Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1002 (E.D. Cal. 2015) (quoting *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998)). What is outrageous depends on the listener, and, therefore, is typically a question of

fact. *Ragland v. U.S. Bank Nat'l Ass.*, 209 Cal. App. 4th 182, 204 (2012).

Plaintiff, in her SAC, alleges Defendants entered into a sales agreement with Plaintiff while knowing the Property was encumbered by county restrictions that effectively made residence impossible and knowing that Plaintiff intended to reside on the Property. (ECF No. 9-1 at 3, 4, 6, 9.) Plaintiff alleges Defendants concealed the existence of the encumbrances from Plaintiff and made false representations as to the state of the Property's title. (*Id.*) Plaintiff alleges Defendants and St. Pierre conspired to fraudulently foreclose on Plaintiff's interest after Plaintiff's discovery of Defendants' misrepresentations, concealed the foreclosure from Plaintiff, and engaged in a series of unlawful transfers, depriving Plaintiff of her interest in the Property. (*Id.* at 8, 13.) Defendants argue these actions are not outrageous as a matter of law and that Plaintiff did not in fact experience emotional distress. (ECF No. 14 at 11–12.)

As Plaintiff notes in her reply, unlawful foreclosures have been held to be sufficiently outrageous to satisfy the first element of an IIED claim. *See, e.g.*, *Ragland*, 209 Cal. App. 4th at 186 (2012) (triable issue of material fact as to whether defendant lender allegedly inducing plaintiff to skip a loan payment then refusing to accept late payments and foreclosing on plaintiff's home was outrageous conduct). Under the liberal standard of a motion to amend, the Court is unconvinced that the conduct Plaintiff alleges in her proposed filing or any additional facts Plaintiff could allege after amendment do not amount to outrageous conduct. Similarly, the Court will not decide on this record whether *in fact* Plaintiff was severely emotionally injured by Defendants' and St. Pierre's conduct. It is enough that she alleges as much.

*vi.     Sixth Cause of Action: Declaratory Relief, 28 U.S.C. §§ 2201*

The Declaratory Judgment Act ("DJA") provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. For a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Defendants do not assert there is not a substantial controversy between the parties. (*See* ECF No. 14 at 12–13.) The Court sees no reason not to find that one exists.

Therefore, although there are some apparent deficiencies in Plaintiff's proposed SAC, the Court cannot say that Plaintiff is unable to cure those deficiencies in a future pleading — and the Court encourages Plaintiff to do so prior to filing the SAC. As it is, this factor weighs in favor of granting leave to amend.

B. Remaining *Foman* Factors

i. *Undue Delay*

Plaintiff asserts the delay in this action is the result of Defendants' misrepresentations about their state of residence, which made Plaintiff's attempt at service difficult. (ECF No. 9 at 4.) Defendants argue Plaintiff waited more than four years to initiate the present action but make no argument of undue delay under Rule 15. (ECF No. 14 at 13.) The Court can think of no reason that granting the instant motion would cause any undue delay. The lawsuit is still in the early stages of litigation. Indeed, Plaintiff filed the instant motion to amend only two months after filing the FAC and less than a month after the motion to dismiss were filed. Accordingly, this factor weighs in favor of granting leave to amend.

ii. *Bad Faith or Dilatory Motive on the Part of the Movant*

Plaintiff seeks to amend to add new facts she discovered after December 30, 2019 and causes of action arising from those new facts. (ECF No. 9-1 at 8–9). Defendants argue that the purpose of the SAC is, in sum, to evade the consequences of their prior motion to dismiss. (ECF No. 14 at 3.) Defendants fail to convince the Court that such a motive amounts to bad faith. Rather, Plaintiff's proposed amendments preserve judicial economy by more narrowly tailoring Plaintiff's lawsuit after the discovery of new information. Therefore, this factor weighs in favor of granting leave to amend.

iii. *Repeated Failure to Cure Deficiencies by Amendments Previously Allowed*

Plaintiff previously amended her Complaint once as a matter of course. (ECF No. 6.) Plaintiff argues she should be permitted to amend again because she did not discover the

9

allegedly fraudulent foreclosure until Defendants filed their motion to dismiss in response to Plaintiff's FAC.  (ECF No. 9 at 5.)  Defendants do not dispute this factor.  (*See* ECF No. 14.)  Plaintiff's first amendment was relatively minor.  She only changed Defendants' state of residence.  (*See* ECF No. 6.)  Accordingly, this factor weighs in favor of granting leave to amend.

### *iv.   Prejudice to Defendants*

The parties do not dispute whether Defendants will be prejudiced by amendment.  (*See* ECF No. 9 at 6; ECF No. 14.)  The Court sees no reason to find prejudice to Defendants because: (1) Plaintiff discovered the new facts she alleges in her SAC from the documents attached to Defendants' own motion to dismiss; (2) discovery is still open; (3) there are no pending dispositive motions; and (4) the lawsuit is still in the early stages of litigation.  Accordingly, this factor weighs in favor of amendment.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint.  (ECF No. 9.)  Plaintiff may file her amended pleading not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after the electronic filing date of Plaintiff's Second Amended Complaint.  Further, Defendants' Motion to Dismiss (ECF No. 8) is DENIED as moot.

IT IS SO ORDERED.

Dated:  September 7, 2021

Troy L. Nunley
United States District Judge