UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA LYN CARREON,<br><br>Plaintiff,<br><br>v.<br><br>ED F. EDWARDS; SUSAN L. EDWARDS; JANELLE ST. PIERRE; and BRITANY LYNN DICKERSON,<br><br>Defendants. | No. 2:19-cv-01879-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants Ed F. Edwards and Susan L. Edwards's (collectively, "Defendants") Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 31.) Plaintiff Tara Lyn Carreon ("Plaintiff") filed an opposition. (ECF No. 32.) Defendants filed a reply. (ECF No. 33.) For the reasons set forth below, the Court DENIES Defendants' Motion to Dismiss.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute over title to real property in Shasta County, California (the "Property"). (*See* ECF No. 23.) Plaintiff alleges she entered into a contract with Defendants for the purchase of the Property for $79,000, with Plaintiff paying $16,000 down and agreeing to pay an additional $315 per month. (*Id.* at 5.) Plaintiff alleges that after the purchase she discovered misrepresentations and nondisclosures concerning the Property due to Shasta County code enforcement efforts. (*Id.* at 4–6.) Thereafter, Plaintiff stopped making the monthly payments on the Property. (*Id.* at 7–8.) Plaintiff alleges she tendered an offer to mutually rescind the purchase of the Property, but Defendants declined. (*Id.* at 8.) Plaintiff alleges Defendants effectuated a foreclosure and trustee sale on Plaintiff's ownership of the Property and Defendants putatively bought the Property in January 2019. (*Id.*) Plaintiff alleges she never received any notification that Defendants intended to foreclose, were foreclosing, or had foreclosed on the Property. (*Id.*) Defendants later conveyed the Property to Defendant Britany Dickerson. (*Id.* at 9.)

Plaintiff initiated this action on September 17, 2019. (ECF No. 1.) On November 26, 2019, Plaintiff filed her First Amended Complaint. (ECF No. 6.) On December 30, 2019, Defendants filed a motion to dismiss. (ECF No. 8.) On January 23, 2020, Plaintiff filed a motion for leave to amend. (ECF No. 9.) On September 10, 2021, the Court granted Plaintiff's motion for leave to amend and denied Defendants' motion to dismiss as moot. (ECF No. 21.)

On November 6, 2021, Plaintiff filed her Second Amended Complaint ("SAC"). (ECF No. 23.) The SAC alleges six causes of action: (1) violation of civil rights; (2) action to set aside fraudulent real estate transfer under California's Uniform Voidable Transactions Act ("UVTA"); (3) larceny under California Penal Code § 496(c) ("§ 496(c)"); (4) breach of contract; (5) intentional infliction of emotional distress ("IIED"); and (6) declaratory and injunctive relief. (ECF No. 23.) On November 16, 2021, Defendants filed a motion to dismiss concerning the SAC. (ECF No. 31.) On December 2, 2021, Plaintiff filed an opposition to the motion. (ECF No. 32.) Defendants filed a reply on December 7, 2021. (ECF No. 33.)

///

2

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

3

in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendants move to dismiss Plaintiff's first, second, third, and fifth causes of action in the SAC pursuant to Rule 12(b)(6).[1] (ECF No. 31.) In Plaintiff's opposition, Plaintiff voluntarily withdraws her first cause of action. (ECF No. 32 at 19.) Thus, the Court DENIES Defendants' motion to dismiss Plaintiff's first cause of action as moot. *See Diamond S.J. Enter., Inc. v. City of San Jose*, No. 18-CV-01353-LHK, 2018 WL 5619746, at *4 (N.D. Cal. Oct. 29, 2018) (denying a motion to dismiss a claim as moot when the plaintiff voluntarily withdrew the claim in the plaintiff's opposition to the motion). As such, the Court does not further discuss Plaintiff's first cause of action. Therefore, the Court will first address Plaintiff's second cause of action before addressing the third and fifth causes of action.[2]

#### A. Second Cause of Action: UVTA

Defendants argue Plaintiff has not alleged and cannot allege the necessary elements of a UVTA claim. (ECF No. 31-1 at 3.) Defendants contend Plaintiff cannot allege two elements: (1) the debtor made the transaction without receiving a reasonably equivalent value; and (2) the debtor either engaged in the transaction for which the debtor's remaining assets were unreasonably small or the debtor intended to incur debts beyond the debtor's ability to pay as they became due. (ECF No. 31-1 at 4; ECF No. 33 at 6.) Plaintiff opposes, asserting that she only needs to prove the foreclosure and subsequent sale of the Property operated as a "transfer" of an "asset" and was "made . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." (ECF No. 32 at 11.)

---

[1] Defendants also ask the Court to take judicial notice of a substitution of trustee document. (ECF No. 33-1.) Defendants appear to be making this request in response to the argument in Plaintiff's opposition that Defendants unlawfully replaced the trustee. (*See* ECF No. 32 at 8–9; ECF No. 33 at 2–3.) However, Plaintiff contends she only recently discovered the unlawful replacement of the trustee, and she will make those allegations in future pleadings. (ECF No. 32 at 8–9.) Therefore, Defendant's request for judicial notice does not concern allegations present in the SAC. *See Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1039 (C.D. Cal. 2015) (noting Rule 12(b)(6) review is confined to the complaint). Accordingly, Defendants' request for judicial notice is DENIED.

[2] In Plaintiff's opposition, she requests leave to file a third amended complaint. (ECF No. 32 at 19–21.) Because the Court denies Defendants' motion for the reasons discussed herein, the Court does not consider Plaintiff's request for leave to file a third amended complaint.

The UVTA allows a creditor to bring suit to set aside a transfer of property by a debtor where the transfer defrauds the creditor. *See* Cal. Civ. Code § 3439.04; *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 79 (2001). California Civil Code § 3439.04(a) provides:

> (a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Civil Code section 3439.04(a) provides two methods of establishing a fraudulent transfer. *Optional Cap., Inc. v. DAS Corp.*, 222 Cal. App. 4th 1388, 1401–02 (2014); *Chen v. Berenjian*, 33 Cal. App. 5th 811, 817 (2019). Actual fraud, as defined in subdivision (a)(1) of the statute, is a transfer made with "actual intent to hinder, delay or defraud any creditor of the debtor." *Optional Cap.*, 222 Cal. App. 4th at 1401. Constructive fraud, as defined in subdivision (a)(2) of the statute, requires a showing that the debtor did not receive "reasonably equivalent" value for the transfer, and the transfer was made when the debtor "[w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" or the debtor "[i]ntended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." *Id.* at 1401–02.

Here, Plaintiff is alleging actual fraud, because the SAC alleges that Defendants acted with the "intent to avoid Plaintiff as a creditor." (ECF No. 23 at 13.) Plaintiff also asserts in her opposition that she is alleging actual fraud as opposed to constructive fraud. (ECF No. 32 at 12.) Because Plaintiff is alleging actual fraud and not constructive fraud, she does not have to allege

either: (1) Defendants made the transaction without receiving a reasonably equivalent value; or (2) Defendants either engaged in the transaction for which their remaining assets were unreasonably small or Defendants intended to incur debts beyond their ability to pay as they became due.[3]  Thus, Plaintiff does not have to make the allegations that Defendants contend Plaintiff has to make.[4]

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's second cause of action.

### B.   Third Cause of Action: § 496(c)

Defendants argue § 496(c) is inapplicable to this case the claim does not concern larceny and the Property was not stolen at the time Defendants received the Property.  (ECF No. 31-1 at 6–7 (citing *Hueso v. Select Portfolio Servicing, Inc.*, 527 F. Supp. 3d 1210 (S.D. Cal. 2021)).)  Plaintiff attempts to distinguish *Hueso* and argues she has properly alleged a claim under § 496(c).  (ECF No. 32 at 13–16.)

California Penal Code § 496(c) "sets forth a right to special civil remedies where a violation of [§] 496(a) has occurred."  *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019).  A violation of § 496(a) has the following elements: (1) the property was stolen or obtained in a manner constituting theft; (2) the defendant knew the property was so stolen or obtained; and (3) the defendant received or had possession of the stolen property.  *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 242 (9th Cir. 2021) (citing *Switzer*, 35 Cal. App. 5th at 126).

---

[3]   In the Court's September 10, 2021 Order, the Court noted that a claim under UVTA has three required elements, which the Court derived from both California Civil Code §§ 3439.04(a)(1) and (a)(2).  (ECF No. 21 at 4–5.)  The Court's subsequent research shows that the UVTA provides for two distinct methods of establishing a fraudulent transfer, and thus, a fraudulent transfer is shown through either California Civil Code §§ 3439.04(a)(1) or (a)(2).  *See Chen*, 33 Cal. App. 5th at 817 ("A creditor may set aside a transfer as fraudulent under Civil Code section 3439.04 by showing actual fraud as defined in subdivision (a)(1) or by showing constructive fraud as defined in subdivision (a)(2).").  Therefore, a plaintiff alleging a fraudulent transfer by actual fraud need not allege the elements of constructive fraud.

[4]   Defendants argue for the first time on reply that fraud must be pled with particularity.  (ECF No. 33 at 6.)  However, because Defendants did not raise this argument until their reply, the Court will not consider this argument.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) (stating it is improper for a party to raise a new argument in a reply brief).

After the instant motion was fully briefed, the California Supreme Court issued its decision in *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333 (2022) ("*Siry*"). In *Siry*, the California Supreme Court held § 496(c) applies when property has been obtained in any manner constituting theft. 13 Cal. 5th at 361. Thus, § 496(c) also applies to conduct involving the fraudulent diversion of funds — the conduct at issue in *Siry*. *Id.* The court noted that not all instances where a defendant obtained property through fraud, misrepresentation, or breach of contract will amount to theft because theft requires the plaintiff to establish criminal intent by the defendant. *Id.* at 361–62. Therefore, a misrepresentation or breach of contract made innocently or inadvertently does not amount to theft under § 496(c). *Id.* at 362.

In *Hueso*, the case cited by Defendants, the court found a claim under § 496(c) requires the property to "already have the character of having been stolen" when it comes into the defendant's possession. 527 F. Supp. 3d at 1231. The *Hueso* court therefore dismissed the plaintiff's § 496(c) claim because the claim was "essentially" a fraud claim and the property at issue was not "stolen" when the defendant allegedly misappropriated it. *Id.* at 1232.

The Court finds *Hueso* distinguishable because it was decided before the California Supreme Court's decision in *Siry*. Moreover, while the *Hueso* court noted the § 496(c) claim was essentially a fraud claim and dismissed the claim, the California Supreme Court in *Siry* found that fraud can serve as the basis for a § 496(c) claim when the plaintiff can show criminal intent by the defendant.

Here, Plaintiff alleges that she entrusted Defendants with her equitable interest in the Property, relying upon Defendants' oral representations that they would not foreclose on Plaintiff's interest in the Property without notice. (ECF No. 23 at 14–15.) Plaintiff further alleges Defendants breached their contractual and extracontractual duties by failing to provide Plaintiff with notice before Defendants foreclosed on her interest in the Property. (*Id.* at 15.) Thus, Plaintiff alleges Defendants fraudulently concealed all evidence of the fraudulent foreclosure and transfer in order to "steal" the Property from Plaintiff. (*Id.*) Plaintiff claims that Defendants intentionally deprived Plaintiff of notice to steal the Property without legal opposition. (*Id.*)

As stated, Plaintiff asserts Defendants breached their contractual duties by failing to provide Plaintiff with notice before they foreclosed on Plaintiff's interest in the Property. As referenced in *Siry*, obtaining property by breach of contract can amount to theft for a § 496(c) claim when the defendant acts with criminal intent, as opposed to the defendant acting innocently or inadvertently. *Siry*, 13 Cal. 5th at 361–62. Here, Plaintiff alleges intentional conduct by Defendants in that they intentionally deprived Plaintiff of notice to steal the Property without legal opposition. Therefore, Plaintiff has alleged both a breach of contract to "steal" the Property and the requisite criminal intent by Defendants.[5] Thus, Plaintiff has alleged the first element of her § 496(c) claim.

As to the second element of the § 496(c) claim, Plaintiff alleges Defendants intentionally deprived Plaintiff of notice to steal the Property without legal opposition. (ECF No. 23 at 15); *see Grouse River*, 848 F. App'x at 242–43 (holding the plaintiff alleged the second element of a § 496(c) claim by alleging the defendants committed a specific-intent crime that requires the perpetrator to have acted "knowingly and designedly"). Thus, Plaintiff has sufficiently alleged the second element of the claim.

Regarding the third element of the § 496(c) claim, that of receiving or having possession of stolen property, Plaintiff alleges Defendants foreclosed on Plaintiff's interest in the Property and then transferred that interest to Defendants and Defendant Britany Dickerson. (ECF No. 23 at 15.) Therefore, Plaintiff has adequately alleged the third element of her § 496(c) claim.

Accordingly, Plaintiff has sufficiently alleged all elements of her § 496(c) claim. Therefore, the Court DENIES Defendants' motion to dismiss Plaintiff's third cause of action.

///

///

---

[5] As part of Plaintiff's breach of contract claim, Plaintiff alleges Defendants conspired with Defendant Janelle St. Pierre to breach the contract and deprive Plaintiff of notice of the fraudulent foreclosure and thereby "usurp" Plaintiff's interest in the Property. (ECF No. 23 at 17.) The Court notes Defendants do not move to dismiss Plaintiff's breach of contract claim. (*See* ECF No. 31); *see also Grouse River*, 848 F. App'x at 242 (noting that because the plaintiff had adequately pleaded its fraud claim, it followed that the plaintiff had adequately pleaded theft by false pretense, which was sufficient to meet the first element of a § 496(c) claim).

C. Fifth Cause of Action: IIED

Defendants argue Plaintiff has not alleged sufficient facts to constitute an IIED claim. (ECF No. 31-1 at 8.) Defendants contend that the performance of a nonjudicial foreclosure when the debtor intentionally refuses to pay is not outrageous conduct sufficient to support an IIED claim. (*Id.* at 10.) In opposition, Plaintiff argues she has properly alleged an IIED claim. (ECF No. 32 at 16.) Plaintiff asserts that when the Court views all the allegations in the light most favorable to Plaintiff, the Court should decide that Defendants' unlawful foreclosure on the Property constituted outrageous conduct. (*Id.* at 19.)

To plead an IIED claim, a plaintiff must allege facts showing: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). To be outrageous, conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Ryan-Beedy v. Bank of N.Y. Mellon*, 293 F. Supp. 3d 1101, 1116 (E.D. Cal. 2018) (quoting *Hughes*, 46 Cal. 4th at 1050). "Whether conduct is outrageous is usually a question of fact." *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 204 (2012).

Plaintiff alleges Defendants committed outrageous acts when they planned and executed the "embezzlement" of Plaintiff's interest in the Property. (ECF No. 23 at 19.) Plaintiff also alleges Defendants knew Plaintiff would dispute any attempt at foreclosing on Plaintiff's interest in the Property, and therefore, Defendants concealed the fraudulent foreclosure and transfer. (*Id.*) Further, Plaintiff claims Defendants committed the outrageous acts intentionally, knowingly, and/or with reckless disregard for the consequences of their actions to Plaintiff. (*Id.*)

As noted in the Court's September 10, 2021 Order, unlawful foreclosures have been held to be sufficiently outrageous conduct to support an IIED claim. (ECF No. 21 at 8 (citing *Ragland*, 209 Cal. App. 4th at 186.) In *Ragland*, the defendant's right to foreclose was "an issue at the heart of the case," because the plaintiff had alleged claims for negligent misrepresentation and fraud based on the foreclosure. *Ragland*, 209 Cal. App. 4th at 205. The *Ragland* court held

that if the foreclosure was unlawful, then the treatment the plaintiff received "was so extreme as to exceed all bounds of decency in our society." *Id.*; *see also Rowen v. Bank of Am., N.A.*, No. CV 12-1762 CAS (MANx), 2013 WL 1182947, at *4 (C.D. Cal. Mar. 18, 2013) ("What *Ragland* demonstrates is that when a lender exhibits either bad faith or gross negligence in its interactions with a plaintiff, and the plaintiff alleges facts showing that defendant had no right to foreclose, the 'outrageous' standard can be met.").

Similar to *Ragland*, Plaintiff has asserted claims alleging a fraudulent real estate transfer, theft, and breach of contract that all stem, at least in part, from Defendants foreclosing on Plaintiff's interest in the Property. (*See* ECF No. 23.) Defendants do not move to dismiss the breach of contract claim, and the Court denies Defendants' motion to dismiss the UVTA and § 496(c) claims. As in *Ragland*, if Defendants' foreclosure is found to be unlawful, then there is at least a possibility that Defendants' conduct was also outrageous. Moreover, Plaintiff alleges bad faith, or at least gross negligence, because she alleges Defendants committed the outrageous conduct intentionally, knowingly, and/or with reckless disregard for the consequences of their actions. (ECF No. 23 at 19.) Therefore, Plaintiff has alleged sufficient facts of outrageous conduct for her IIED claim.[6]

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's fifth cause of action.

///

---

[6] In Defendants' arguments regarding Plaintiff's IIED claim, Defendants contend Plaintiff cannot establish fraudulent concealment because a trustee only has to follow certain notice requirements and a trustee does not have to provide actual notice. (ECF No. 31-1 at 9.) Defendants assert Plaintiff has not alleged there was a failure to follow the notice requirements, and the failure to give actual notice is not tortious. (*Id.*) However, Plaintiff does more than allege a failure to give actual notice, Plaintiff alleges Defendants and the trustee intentionally deprived Plaintiff of notice to steal the Property without legal opposition. (ECF No. 23 at 15.)

Defendants also argue the factors that give rise to a "special relationship," in which Plaintiff's emotional wellbeing is a foreseeable consequence, are absent. (ECF No. 31-1 at 10.) Due to the reference to a "special relationship," Defendants appear to be conflating an IIED claim and a claim for negligent infliction of emotional distress. An IIED claim does not require a special relationship, which is instead a requirement for a negligent infliction of emotional distress claim. *Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*, 39 Cal. App. 5th 995, 1009–10 (2019).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendants' Motion to Dismiss. (ECF No. 31.)  Defendants shall file an answer not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

**DATED: September 29, 2022**

Troy L. Nunley
United States District Judge