CHARLES CARREON(127139)
7 N. Ridge Crest
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com
Attorney for Plaintiff Tara Lyn Carreon

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA LYN CARREON,<br><br>          Plaintiff,<br>   vs.<br><br>ED F. EDWARDS AND SUSAN L. EDWARDS, JANELLE ST. PIERRE, et al.<br><br>          Defendants. | Case No. 2: 19-CV-01879-TLN-JDP<br><br>**MOTION FOR JUDGMENT ON THE PLEADINGS ON THE THIRD CLAIM FOR RELIEF AGAINST DEFENDANT JANELLE ST. PIERRE**<br><br>**Date: July 13, 2023**<br>**Time: 2:00 pm.**<br>**Courtroom: # 2, 15th Floor** |

   TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN, PLEASE TAKE NOTICE that on July 13, 2023, at 2:00 p.m. in Courtroom #2 of the Robert T. Matsui Courthouse, 501 "I" Street, Sacramento, California 95814, Plaintiff Tara Lyn Carreon ("Plaintiff") will move for judgment on the pleadings against defendant Janelle St. Pierre ("St. Pierre") pursuant to F.R.Civ.P. 12(b)(2), on the Third Claim for Relief.

   The grounds for the motion are that the pleadings establish that St. Pierre, being the trustee of Plaintiff's Property, embezzled the same and sold it to the Edwards defendants on January 9, 2019, in a sale of which Plaintiff was deprived of notice. St. Pierre knowingly deprived Plaintiff of the notice required by law, and due under the trust deed, by sending the Notice of Trustee's Sale to the expired address where St. Pierre had determined Plaintiff did not reside. This conduct would be sufficient to establish guilt for embezzlement in a criminal prosecution in the State of California.

Accordingly, Plaintiff is entitled to judgment on the pleadings on her private right of action for civil theft under Cal. Penal Code § 496(c).

Dated:  June 12, 2023         CHARLES CARREON,
                              ATTORNEY AT LAW

                              By: s/Charles Carreon
                              CHARLES CARREON (127139)
                              Attorney for Plaintiff Tara Carreon

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

The Third Claim for Relief against St. Pierre in Plaintiff's Second Amended Complaint ("SAC," Dkt. # 23) alleges that St. Pierre committed the civil theft of plaintiff's Shasta County rural property ("Plaintiff's Property") by exercising her power as trustee under the trust deed executed by Plaintiff to unlawfully sell the property to the Edwards defendants without providing Plaintiff the notice required by law. St. Pierre's Answer and attached exhibits establish these facts to be true by her own admission, as set forth hereinbelow.

## II. STATEMENT OF FACTS

### A. St. Pierre Was the Trustee of Plaintiff's Property

St. Pierre, under the name of Foreclosure Specialists ( "St. Pierre"), was retained by the Edwards defendants "to perform a "Non-Judicial foreclosure on the Note and Deed of Trust." (Answer, Dkt. # 36, page 2, lines 15 – 17; Exhibit 1 hereto, page 002.) St. Pierre assumed the duties of escrow officer and trustee of the trust deed executed by Plaintiff as trustor. (Carreon Dec. ¶ 5.a.; Exhibit 1, pages 007 – 009.) Pursuant to the trust deed, in the event of a claimed default by Plaintiff, St. Pierre's power to sell the property as trustee was contingent upon her providing to Plaintiff the "notice of sale … as then required by law." (Exhibit 1, page 009, item (6)).

### B. Two Weeks After St. Pierre Mailed the Notice of Default to Plaintiff, the Postal Service Returned it to Her as Undeliverable at Plaintiff's Expired Address

St. Pierre mailed a Notice of Default regarding Plaintiff's Property to 2165 S. Avenida Planeta, Tucson, Arizona 85716 (the "Expired Address") on 9/9/2018. (Exhibit 1, page 17). The next day, 9/10/2018, St. Pierre recorded an affidavit that she served the Notice of Default on Plaintiff by mailing it to the Expired Address. (Exhibit 1, page 12).

MOTION FOR JUDGMENT ON THE PLEADINGS
3

Less than two weeks later, on 9/22/2022, the U.S. Postal Service returned the undelivered Notice of Default to St. Pierre.  (Exhibit 1, pages 17 and 19).

### C. The Substitution of Trustee and Notice of Trustee's Sale That St. Pierre Sale Sent to the Expired Address On December 27, 2018 Was Also Returned Undeliverable

On 12/27/2018 St. Pierre mailed an envelope, nominally addressed to Plaintiff at the Expired Address, enclosing a Substitution of Trustee and a Notice of Trustee's Sale. (Exhibit 1, page 25).  On 12/26/2018, St. Pierre recorded an affidavit swearing that she had mailed a Substitution of Trustee and Notice of Trustee's Sale to Plaintiff at the Expired Address.  (Exhibit 1, page 26).  On 1/3/ 2019, the U.S. Postal Service returned the envelope containing the Substitution of Trustee and Notice of Trustee's Sale (USPS tracking number x-0079) to St. Pierre.  Accordingly, St. Pierre knew, unequivocally, that the documents contained therein had not been served on Plaintiff.  (Exhibit 1, page 31).

### D. St. Pierre's Answer Confirms She Never Served Plaintiff with any Foreclosure Process Whatsoever

On 1/14/2022, St. Pierre signed the Answer in this case (Docket # 36).  The Answer admits, at page 2, line 26, that "the Certified mail notices [*i.e.*, the Notice of Default] were returned unclaimed."  (Docket # 36, page 2, line 26; Exhibit 1, page 002). At page 3, line 5, St. Pierre admits the same with respect to the Substitution of Trustee and Notice of Trustee's Sale she attested to mailing on 12/26/2018: "Once again, the Certified mail notices were returned unclaimed."  (Docket # 36, page 3, line 5; Exhibit 1, page 003).

### E. On January 24, 2019, St. Pierre Sold Plaintiff's Property to the Edwards Defendants , Knowing Plaintiff Had Not Received Notice of the Trustee's Sale

On 1/24/2019, with knowledge that her mailings to the Expired Address had deprived Plaintiff notice of the trustee's sale, St. Pierre signed the Trustee's Deed

MOTION FOR JUDGMENT ON THE PLEADINGS
4

conveying Plaintiff's Property to the Edwards defendants for the recorded price. According to the Trustee's Deed, St. Pierre sold Plaintiff's Property to the Edwards defendants. (Edwards Defendants' Motion to Dismiss, Dkt. # 8-2, pages 9 and 10, attached hereto as Exhibit 2.) The sale price recorded in the Trustee's Deed was $89,723.14. (Exhibit 2 at *id*.)

### III.   A MOTION FOR JUDGMENT ON THE PLEADINGS AS TO SPECIFIED CLAIMS FOR RELIEF SHOULD BE GRANTED WHEN A PARTY'S LIABILITY IS ESTABLISHED BY DOCUMENTS ATTACHED TO THE ANSWER

#### A.   A Motion for Judgment on the Pleadings is Proper When, Taking all the Allegations in the Non-Moving Party's Pleadings As True, the Moving Party is Entitled to Judgment as a Matter of Law

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Villamizar v. Senior Care Pharmacy Servs.,* No. 2:14-cv-01737-TLN-KJN, 2022 U.S. Dist. LEXIS 21924, at *3 (E.D. Cal. Feb. 4, 2022), *quoting Ventress v. Japan Airlines,* 603 F.3d 676, 681 (9th Cir. 2010).

#### B.   Judgment on the Pleadings May be Granted on Individual Claims

"As Rule 12(c) neither expressly provides for, nor bars, partial judgment on the pleadings, 'it is common to apply Rule 12(c) to individual causes of action.'" *Villamizar v. Senior Care Pharmacy Servs.*, at *id., quoting Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

#### C.   "The Pleadings" Include Documents Attached to St. Pierre's Answer and the Edwards' Motion to Dismiss

"In considering a Rule 12(c) motion, the court should review 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *Chavez v. Smurfit Kappa N. Am. LLC*, No. 2:18-cv-05106-SVW-SK, 2018 U.S. Dist. LEXIS 232653, at *4 (C.D. Cal.

Oct. 17, 2018), *quotingL-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir. 2011); *see*, *Buraye v. Equifax,* 625 F. Supp. 2d 894, 897 (C.D. Cal. 2008), *quoting N. Ind. Gun & Outdoor Shows v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) ("pleadings include the complaint, the answer, and any written instruments attached as exhibits") *quoting* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.").

### IV. ST. PIERRE EMBEZZLED PLAINTIFF'S PROPERTY IN VIOLATION OF CALIFORNIA PENAL CODE § 496

#### A. As the Escrow Holder, St. Pierre Owed Fiduciary Duties to Plaintiff

"An escrow holder is the agent of all the parties to the escrow at all times prior to performance of the conditions of the escrow; bears a fiduciary relationship to each of them; and owes an obligation to each measured by an application of the ordinary principles of agency." *Virtanen v. O'Connell*, 140 Cal. App. 4th 688, 703, 44 Cal. Rptr. 3d 702, 713 (2006), *quoting Diaz v. United California Bank*, 71 Cal. App. 3d 161, 168 (1977)(citations omitted). "Although [the escrow agent] owed [the seller] no professional duty, his acceptance of [seller's stock certificates gave] rise to a duty of care. The wellspring of this duty is the fiduciary role of an escrow holder." *Virtanen v. O'Connell*, 140 Cal. App. 4th at 703, *quoting Diaz v. United California Bank*, 71 Cal. App. 3d at 168.

#### B. Under the Escrow Terms, Plaintiff Was Entitled to "Notice as Required By Law" Before St. Pierre Could Sell the Property

St. Pierre's Answer admits she was retained by the Edwards defendants "to perform a "Non-Judicial foreclosure on the Note and Deed of Trust." (Answer, Dkt. # 36, page 2, lines 15 – 17; Exhibit 1 hereto, page 002.) She thus assumed fiduciary duties to all parties to the transaction, "intrusted with … control [of] property for the use of [another] person." Cal. Penal Code § 506. Accordingly, St. Pierre thereby assumed the fiduciary duties of escrow holder under terms of the trust deed executed by Plaintiff as

trustor, and held the power to destroy Plaintiff's ownership interest in Plaintiff's Property.

> "[The escrow holder] was to hold title until the loans were paid and could not lawfully use the trust property for its own benefit. ( Civ. Code, § 2229.) Nor could it reconvey the property without authorization of the beneficiary. Of course, the trust deeds were merely pieces of paper without intrinsic value, but as long as they remained of record, they represented a security interest in the real property. * * * When one holds a recorded trust deed upon property he holds not only a document but a lien upon the property. Loss of the document does not destroy the lien but when the lien is lost by a reconveyance he has nothing left, even though the paper remains in his hands."

*People v. Glass*, 181 Cal. App. 2d 549, 553 (1960).

Pursuant to the trust deed, in the event of a claimed default by Plaintiff, St. Pierre's power to sell the property as trustee was contingent upon her providing to Plaintiff the "notice of sale … as then required by law." (Exhibit 1, page 009, item (6)).

### C. St. Pierre Breached Her Duty as Escrow Holder by Depriving Plaintiff of Notice of the Trustee's Sale

> "[It] is the duty of an [escrow] holder to comply strictly with the instructions of his principal [citations], and if he disposes of the property of his principal in violation of these instructions, or otherwise breaches that duty, he will be responsible for any loss occasioned thereby.
> *Virtanen v. O'Connell,* 140 Cal. App. 4th 688, 703 (2006).

St. Pierre breached her duty, as escrow holder, to provide Plaintiff with notice of the Notice of Trustee's Sale by mailing it to the Expired Address with full knowledge that documents mailed there would not reach Plaintiff, and would simply be returned to St. Pierre's hand.

> "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950). **St. Pierre's method of service was not the service "required by law," because it was calculated to deprive Plaintiff of notice**. Such a method of service is, *ipso facto*, not service "reasonably calculated to accomplish actual

service." This constitutional standard was established in *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950), and is always followed by California courts when determining whether service has been made as required by law.

> "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."
>
> *Olvera v. Olvera,* 232 Cal. App. 3d 32, 43 (1991)(affirming trial court's refusal to allow service by publication where plaintiffs' showing "utterly fails to establish any diligence whatsoever and no concern for providing actual notice"), *quoting Mullane, supra*, 339 U.S. at 315.

In direct contravention of this rule, on December 27, 2018, St. Pierre used a method of service to send the Notice of Trustee's Sale that no person "actually desirous" of delivering actual notice to Plaintiff would have used, because no one who wants to deliver actual notice intentionally sends documents to an address where previous mailings have proven undeliverable.

> "Continued exclusive reliance on an ineffective means of service is not notice 'reasonably calculated to reach those who could easily be informed by other means at hand.'"
>
> *Greene v. Lindsey*, 456 U.S. 444, 455-56, 102 S. Ct. 1874, 1881 (1982), *quoting Mullane,* at 319.

Having previously received the returned Notice of Default on September 22, 2018, St. Pierre's "continued exclusive reliance on an ineffective means of service," by sending the Notice of Trustee's Sale to the Expired Address, was a breach of the trust deed requirement that she serve Plaintiff "as required by law." By sending the Notice of Trustee's Sale to the Expired Address, St. Pierre made sure the sale of Plaintiff's Property to the Edwards defendants would proceed without any opposition from Plaintiff, who had not the slightest idea that her property was scheduled to be sold on January 9, 2019. Plaintiff never saw the Trustee's Deed Upon Sale until it was submitted as an exhibit in support of the motion to dismiss the Edwards Defendants filed on December 30, 2019. (Dkt. # 8-2; Exhibit 2, page 1.) Thus, St. Pierre's manner of service completely destroyed Plaintiff's interest in Plaintiff's Property, for which she is liable in damages.

### D. Real Property is Subject to Embezzlement Under California Penal Code §§ 484, 503 and 506

"As far as section 484 of the Penal Code … [o]n even a casual inspection of its language, it will be observed that … the obtaining of 'real or personal property' by false pretense is condemned." *People v. Roland*, 134 Cal. App. 675, 681-82, 26 P.2d 517, 520 (Dist. Ct. App. 1933). "[R]eal property may be the subject of theft just the same as personal property." *People v. Pugh,* 137 Cal. App. 2d 226, 236, 289 P.2d 826, 831 (1955). "Embezzlement is the fraudulent misappropriation of property by a person to whom it is entrusted. The statute defining embezzlement applies to trustees." *People v. Glass*, 181 Cal. App. 2d 549, 552-53 (1960), *citing* Cal. Pen. Code §§ 503 and 506.

### E. St. Pierre Embezzled Plaintiff's Property

California Judicial Council Criminal Jury Instruction CalCrim No. 1806 provides that, to convict for the crime of embezzlement, the People must prove that:

> "(1) An owner entrusted her property to the defendant;
> 
> (2) the owner did so because she trusted the defendant;
> 
> (3) the defendant fraudulently converted that property for her own benefit; and,
> 
> (4) when the defendant converted the property, she intended to deprive the owner of its use.
> 
> A person acts fraudulently when she takes undue advantage of another person or causes a loss to that person by breaching a duty, trust or confidence."

*The first two elements are satisfied* because St. Pierre took control of title to Plaintiff's Property under the trust deed, as St. Pierre admits in her Answer.

*The third element is satisfied* by St. Pierre's secret sale of Plaintiff's Property to the Edwards defendants, by which St. Pierre breached her fiduciary duty and the trust deed provisions by securing Plaintiff's ignorance of the trustee's sale on January 9, 2019, so the property could be sold to the Edwards defendants without opposition.

*The fourth element is satisfied* by the sale of the property to the Edwards defendants, an illegal act that destroyed Plaintiff's title to Plaintiff's Property with a stroke of St. Pierre's pen.

Accordingly, it is undisputable from the face of the pleadings that St. Pierre embezzled Plaintiff's Property.

**F.    St. Pierre is Liable in Damages Under Cal. Penal Code § 496(c)**

Because St. Pierre embezzled Plaintiff's Property, and embezzlement is a species of theft, Plaintiff may recover treble damages and attorney's fees from St. Pierre under the private right of action codified by the California Legislature in Penal Code § 496(c).

> "Section 496(c), similar to some provisions in other statutory schemes, articulates a right to special civil remedies when a violation of section 496(a) has occurred. Subdivision (c), as also amended in 1972, states that any person who has been injured by a violation of section 496(a) "may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

*Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 346-47 (2022).

St. Pierre's conduct went beyond mere nonperformance to encompass the "careful planning and deliberation" that the *Siry* opinion found reflected "the requisite criminal intent" of the *Siry* defendants. *Siry, supra*, 13 Cal.5th at 362. St. Pierre, an experienced hand at real estate foreclosures, resorted to "sewer service" of the Notice of Trustee's Sale because she knew that Plaintiff would have opposed the sale of her property if she had received actual notice. *See, Freeman v. ABC Legal Servs., Inc.,* 827 F. Supp. 2d 1065, 1073 (N.D. Cal. 2011) (allowing FDCPA claim to proceed against process serving company that provided "sewer service" to facilitate debt collection).

**G.    Plaintiff is Entitled to an Award of Treble Damages**

Plaintiff suffered damages that are quantified by the Trustee's 14 as $89,723.14. (Exhibit 2 at id.) Accordingly, pursuant to Penal Code § 496(c), Plaintiff request judgment in the amount of $269,169.42.

MOTION FOR JUDGMENT ON THE PLEADINGS
10

### H. Plaintiff is Entitled to an Award of Attorney's Fees

Section 496(c) provides for an award of attorney's fees to successful claimants. Accordingly, Plaintiff requests an award of attorney's fees, and leave to file a motion for attorney's fees pursuant to F.R.Civ.P. 54(d).

### V. CONCLUSION

St. Pierre, being the trustee of Plaintiff's Property, embezzled and sold it to the Edwards defendants on January 9, 2019 in a sale of which Plaintiff had no notice. St. Pierre deprived Plaintiff of the notice required by law, and due under the trust deed, by sending the Notice of Trustee's Sale to the Expired Address where St. Pierre had determined Plaintiff did not reside.  This conduct would be sufficient to establish guilt for embezzlement in a criminal prosecution in the State of California.  Accordingly, Plaintiff is entitled to judgment on the pleadings on her private right of action for civil theft under Cal. Penal Code § 496(c).

Plaintiff was damaged in the amount of $89,723.14, the price for which St. Pierre sold Plaintiff's Property to the Edwards defendants, and is entitled to judgment in that amount, trebled, for a total judgment against St. Pierre in the amount of $269,169.42.

For all of the above reasons, Plaintiff requests the Court enter judgment for Plaintiff and against St. Pierre in the amount of $269,169.42.  Plaintiff further requests leave to move for attorney's fees pursuant to Rule 54(d).

Dated:  June 12, 2023            CHARLES CARREON,
                                 ATTORNEY AT LAW

                                 By:/s/Charles Carreon
                                 CHARLES CARREON (CSB #127139)
                                 Attorney for Plaintiff
                                 Tara Lyn Carreon