CHARLES CARREON (CSB #127139)
7 N. Ridge Crest Circle
Silver City, New Mexico 88061
Tel: 928-975-2191
Email: chascarreon@gmail.com
Attorney for Plaintiff Tara Lyn Carreon

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA LYN CARREON,<br><br>          Plaintiff,<br>     vs.<br><br>ED F. EDWARDS AND SUSAN L. EDWARDS, et al.,<br><br>          Defendant. | Case No. 2:19--cv-01879-TLN-EFB<br><br>**DECLARATION OF CHARLES CARREON IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT JANELLE ST. PIERRE**<br><br>Date: July 13, 2023<br>Time: 2:00 pm.<br>Courtroom: # 2, 15th Floor |

## DECLARATION OF CHARLES CARREON

Charles Carreon declares and affirms:

**1.** I am an attorney licensed to practice law before all State and Federal Courts in the State of California and state the following matters on personal knowledge or an informed review of relevant documents.

**2.** This declaration is submitted in support of the request of plaintiff Tara Lyn Carreon ("Plaintiff") that this Court take judicial notice of pleadings and documents submitted by defendants in support of Plaintiff's for Judgment on the Pleadings on the Third Claim for Relief alleged against defendant Janelle St. Pierre ("St. Pierre").

**3.** Plaintiff requests judicial notice of St. Pierre's Answer and portions of its attached exhibits, because facts deemed admitted therein establish Plaintiff's entitlement to judgment on the pleadings on the grounds that St. Pierre violated Cal. Penal Code 496 by

embezzling plaintiff's fee simple title to real estate located in Shasta County ("Plaintiff's Property").

**4.** Plaintiff requests judicial notice pursuant to F.R.E. 201(c)(2) of Defendant Janelle St. Pierre's Answer to Complaint (Docket # 36) and attached exhibits, submitted here jointly as Exhibit 1.

**5.** St. Pierre's Answer and attached exhibits establish the following facts:

    **a.** St. Pierre assumed the duties of escrow officer and trustee of the trust deed executed by Plaintiff as trustor. (Exhibit 1, pages 007 – 009.)

    **b.** Plaintiff entrusted control of the equitable title to Plaintiff's Property to St. Pierre, who thereby became Plaintiff's fiduciary, "intrusted with … control [of] property for the use of [another] person." Cal. Penal Code § 506.

    **c.** Pursuant to the operative trust deed, in the event of a claimed default by Plaintiff, St. Pierre's power to sell the property as trustee was contingent upon her providing "notice of sale … as then required by law." (Exhibit 1, page 009, item (6)).

    **d.** On 9/9/2018 St. Pierre mailed a Notice of Default regarding Plaintiff's Property to 2165 S. Avenida Planeta, Tucson, Arizona 85716 (the "Expired Address"). (Exhibit 1, page 17).

    **e.** On 9/10/2018 St. Pierre recorded an affidavit attesting to having deposited the Notice of Default in an envelope ostensibly addressed to Plaintiff, using the Expired Address. (Exhibit 1, page 12).

    **f.** On 9/22/2022 the United States Postal Service returned the Notice of Default to St. Pierre as undeliverable (Exhibit 1, pages 17 and 19).

    **g.** On 12/26/2018, St. Pierre recorded an affidavit swearing that she had mailed a Substitution of Trustee and Notice of Trustee's Sale to the Expired Address. (Exhibit 1, page 26).

**h.** On 12/27/2018 St. Pierre delivered a Substitution of Trustee and a Notice of Trustee's Sale to the U.S. Postal Service for delivery to the Expired Address, knowing Plaintiff would never receive them. (Exhibit 1, page 25).

**i.** On 1/3/2019 the U.S. Postal Service returned the envelope with tracking number x-0079 to St. Pierre, thus confirming that the Substitution of Trustee and Notice of Trustee's Sale had not been served on Plaintiff. (Exhibit 1, page 31).

**j.** On 1/14/2022, St. Pierre signed the Answer in this case (Docket # 36). The Answer admits, at page 2, line 26, that "the Certified mail notices [*i.e.*, the Notice of Default] were returned unclaimed." (Docket # 36, page 2, line 26; Exhibit 1, page 002). At page 3, line 5, St. Pierre admits the same with respect to the Substitution of Trustee and Notice of Trustee's Sale she attested to mailing on 12/26/2018: "Once again, the Certified mail notices were returned unclaimed." (Docket # 36, page 3, line 5; Exhibit 1, page 003).

**6.** Accordingly, St. Pierre's Answer and attached exhibits establish that she breached her fiduciary duties as the escrow holder for the title to Plaintiff's Property by sending the foreclosure-initiating process to an address where St. Pierre knew Plaintiff would not receive them. St. Pierre thus deprived Plaintiff of the "notice required by law" prior to selling her property to the Edwards defendants.

**7.** In addition to these documents submitted by Plaintiff requests judicial notice of the Trustee's Deed Upon Sale (the "Trustee's Deed") submitted by the Edwards defendants on 12/20/2019 in support of their motion to dismiss Plaintiff's complaint. (Dkt. # 8-2, pages 9 and 10, attached hereto as Exhibit 2.)

**8.** St. Pierre signed the Trustee's Deed on 1/24/2019, thus selling Plaintiff's Property to the Edwards defendants without giving Plaintiff notice of the Trustee's Sale.

**9.** By this breach of her duties as escrow officer under the trust deed, St. Pierre exceeded her lawful authority as escrow officer, and destroyed Plaintiff's interest in Plaintiff's Property.

**10.**   The destruction of Plaintiff's interest in Plaintiff's Property and the sale to the Edwards defendants constituted embezzlement of real property in violation of Cal. Penal Code §§ 484, 503, and 506.

**11.**   According to the Trustee's Deed, St. Pierre sold Plaintiff's Property to the Edwards defendants for $89,723.14.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct under the law of the United States of America, and that this declaration was signed on June 12, 2023, at Silver City, New Mexico.

/s/Charles Carreon
Charles Carreon, Declarant