SWANSON LAW OFFICE
JEFFERY J. SWANSON (#155118)
MARK D. NORCROSS (#130345)
2515 Park Marina Drive, Suite 102
Redding, California 96001
Telephone: (530) 225-8773
Facsimile: (530) 232-2772

Attorneys for ED F. EDWARDS and
SUSAN L. EDWARDS.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA LYN CARREON<br><br>            Plaintiff,<br><br>    vs.<br><br>ED F. EDWARDS and SUSAN L. EDWARDS,<br><br>            Defendants. | Case Number: 2:19-CV-01879 TLN-EFB<br><br>**DEFENDANT EDWARDS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT ST. PIERRE**<br><br>**DATE: VACATED**<br>**TIME:**<br>**COURTROOM 2** |

## I.   INTRODUCTION

        Come now Defendants Ed Edwards and Susan Edwards and oppose Plaintiff Tara Lynn Carreon's motion for judgment on the pleadings as to Defendant Janelle St. Pierre as follows. Although the motion is only as to defendant St. Pierre, the fact of the matter is that it implicates the interests of the Edwards as well due to the intertwined nature of the allegations against all three defendants. In brief, the motion alleges that the Edwards defendants conspired with Saint Pierre to conduct a "secret" foreclosure and sale of a property purchased from the Edwards by Plaintiff because the notices of default and of sale were sent to an address which St. Pierre "knew" was a no longer valid address for Plaintiff. The underlying essence of the argument is that plaintiff was entitled to "actual" notice of the default and foreclosure. In short, this motion is

a gateway to a similar motion directed to the Edwards Defendants. Hence these defendants have a due process right to be heard on the merits of this motion.

The essence of Plaintiff's argument is that she did not receive the "notice required by law" before the foreclosure sale was conducted because the notice was served on an "expired" address, ignoring of course that Defendant St. Pierre served it on Plaintiff's *last known address*. Citing a number of federal cases, none of which deal with the California foreclosure statute, Plaintiff not once cites the statute itself, the notice required by that statute, or any of the cases construing that statute. The fact of the matter is that the California statute does not require a trustee under a deed of trust to do anything other than mail a notice of the trustee's sale to the last known address of the debtor. Contrary to the implication of the motion, the trustee owed no duty as a matter of law to track down a debtor who failed to provide notice that she had moved.

The answer of St. Pierre demonstrates that the foreclosure proceedings *required by the California statutory provisions that control the nonjudicial foreclosure process* were properly conducted with all of the notices. As Plaintiff cannot establish on this motion that St. Pierre had actual knowledge of Plaintiff's current address, but only the "expired" address, the motion necessarily fails because the applicable California statute requires notice only to the last known address of the debtor.

## II.  A NONJUDICIAL FORECLOSURE IS A CREATURE OF STATUTE

A nonjudicial foreclosure sale is a creature of statute. (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 334, 85 Cal.Rptr.3d 532 ["The Civil Code contains a comprehensive statutory scheme regulating nonjudicial foreclosure."].) The trustee's role in preparing for and conducting the sale is set forth in detail in Civil Code section 2924 et seq. The scope and nature of the trustee's duties are *exclusively* defined by the deed of trust and the governing statutes. No other common law duties exist. (*I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 287– 288[, 216 Cal.Rptr. 438, 702 P.2d 596]; *Residential Capital v. Cal–Western Reconveyance Corp.* (2003) 108 Cal.App.4th 807, 827 [134 Cal.Rptr.2d 162].)" (*Kachlon v. Markowitz, supra,* at p. 335, 85 Cal.Rptr.3d 532.)

Equally important, and contrary to the argument presented in the moving papers, "the trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary." (*Vornas v. Fidelity Nat. Title Ins. Co*. (1999) 73 Cal. App. 4th 668, 677.) "In short, the trustee does not contract with the purchaser for the sale of the foreclosed property, but performs ministerial acts which, when properly executed, result in the transfer of title to the purchaser." (*ProValue Properties, Inc. v. Quality Loan Service Corp* (2009) 170 Cal.App.4th579, 583.)

As noted above, Plaintiff identifies no provisions of the California foreclosure statute supporting an argument that the trustee had a duty to attempt to locate a missing mortgagor who, admittedly, had failed to advise the mortgagee of her new address. In fact, California Civil Code section 2924b(b) provides as follows:

> (b) The mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale shall do each of the following:
>
> (1) Within 10 business days following recordation of the notice of default, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice with the recording date shown thereon, addressed to each person whose name and address are set forth in a duly recorded request therefor, directed to the address designated in the request and to each trustor or mortgagor at his or her last known address if different than the address specified in the deed of trust or mortgage with power of sale.
>
> (2) At least 20 days before the date of sale, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice of the time and place of sale, addressed to each person whose name and address are set forth in a duly recorded request therefor, directed to the address designated in the request and to each trustor or mortgagor at his or her last known address if different than the address specified in the deed of trust or mortgage with power of sale.
>
> (3) *As used in paragraphs (1) and (2), the "last known address" of each trustor or mortgagor means the last business or residence physical address actually known by the mortgagee, beneficiary, trustee, or other person authorized to record the notice of default.* For the purposes of this subdivision, an address is "actually known" if it is contained in the original deed of trust or mortgage, or in any subsequent written notification of a change of physical address from the trustor or mortgagor pursuant to the deed of trust or mortgage. For the purposes of this subdivision, "physical address" does not include an email or any form of electronic address for a trustor or mortgagor. The beneficiary shall inform the trustee of the trustor's last address actually known by the beneficiary. *However,*

*the trustee shall incur no liability for failing to send any notice to the last address unless the trustee has actual knowledge of it.*

(4) A "person authorized to record the notice of default or the notice of sale" shall include an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee.

(c) The mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale shall do the following:

(1) Within one month following recordation of the notice of default, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice with the recording date shown thereon, addressed to each person set forth in paragraph (2), provided that the estate or interest of any person entitled to receive notice under this subdivision is acquired by an instrument sufficient to impart constructive notice of the estate or interest in the land or portion thereof that is subject to the deed of trust or mortgage being foreclosed, and provided the instrument is recorded in the office of the county recorder so as to impart that constructive notice prior to the recording date of the notice of default and provided the instrument as so recorded sets forth a mailing address that the county recorder shall use, as instructed within the instrument, for the return of the instrument after recording, and which address shall be the address used for the purposes of mailing notices.

The second amended complaint contains no allegation that the address to which plaintiff had moved was actually known to the trustee; rather, the complaint is quite clear that it is attempting to impose a duty on the trustee to track plaintiff down. The statute explicitly provides otherwise.

Since this is a motion for judgment on the pleadings, the equivalent of a motion to dismiss, the facts of the answer are deemed true for the purposes of the motion. "A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Knappenberger v. City of Phoenix,* 566 F.3d 936, 939 (9th Cir.2009). Under this standard, St. Pierre's answer provides substantive evidence that she complied with her statutory duties. Specifically, in her first affirmative defense, defendant St. Pierre states:

Required notice was given to the plaintiff, Tara Lynn Carreon, in the manner prescribed by statute, in the following manner:

A) Recording of the Notice of Default on 9/4/18, and subsequent mailing of the Notice of Default on 9/10/18, by Certified and First Class Mail, to the only address known to Defendant St. Pierre and Foreclosure Specialists, a General Partnership, for the Plaintiff, Tara Lynn Carreon. See attached affidavit of mailing. (Exhibit" B" herein). The Certified mail notices were returned unclaimed. (See attached Exhibit "C" herein).

B) Recording of the Substitution of Trustee and Notice of Trustee's Sale on 12/27/18, and mailing of the Substitution of Trustee and Notice of Trustee's sale on 12/26/18, again, by Certified and First Class Mail, to the only address known to Defendant St. Pierre and Foreclosure Specialists, a General Partnership, for Plaintiff, Tara Lynn Carrion. See attached Affidavit of Mailing. (Exhibit" D" herein).

…

C) A copy of the Notice of Trustee's sale was posted on the property, and on the bulletin board at the Shasta County Courthouse on 12/27/18. See attached posting affidavit, exhibit" F" herein).

D) A copy of the Notice of Trustee's Sale was published in the court adjudicated newspaper, the Intermountain News, on 1/2/19; 1/9/19, and 1/16/19. See attached Proof of Publication. (Exhibit" G" herein).

(Answer of St. Pierre, at pages 2, 3.)

The foregoing establishes a prima facia case that St. Pierre complied with the dictates of the California foreclosure statute. Since the fiduciary principles and alleged requirement of actual notice to the mortgagor do not appear in the California nonjudicial foreclosure statute, the motion for judgment on the pleadings necessarily fails. Instead, this court should rule that defendant St. Pierre's answer establishes a prima facia case of compliance with those provisions.

WHEREFORE, Defendants Edwards respectfully request that the motion for judgment on the pleadings be denied.

June 28, 2023                              SWANSON LAW OFFICE


By: _____
       MARK D. NORCROSS, Attorneys
       for Defendants Ed Edwards and
       Susan Edwards

**PROOF OF SERVICE**

I, MARK D. NORCROSS, certify:

     I am, and at all times mentioned herein was, an active member of the State Bar of California and not a party to the within action. My business address is 2515 Park Marina Drive, Suite 102, Redding, CA 96001. On this date I served the following documents:

**DEFENDANTS ED EDWARDS AND SUSAN EDWARDS OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT ST. PIERRE**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Redding, California, addressed to the following:

Janelle G. St. Pierre
FORECLOSURE SPECIALISTS
P.O Box 994465
Redding, CA 96099-4465

Dated: June 28, 2023

_____
MARK D. NORCROSS

DEFENDANTS EDWARDS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS