CHARLES CARREON(127139)
7 N. Ridge Crest
Silver City, New Mexico 88061
Tel:  928-975-2191
Email: chascarreon@gmail.com
Attorney for Plaintiff  Tara Lyn Carreon

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA LYN CARREON, | **Case No. 2: 19-CV-01879-TLN-JDP** |
| Plaintiff,<br>vs. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO ST. PIERRE'S MOTIONS AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| ED F. EDWARDS AND SUSAN L. EDWARDS, JANELLE ST. PIERRE, et al. | |
| Defendants. | **Date: August 24, 2023**<br>**Time: 2:00 p.m.**<br>**Courtroom: # 2, 15th Floor** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL SUMMARY

Plaintiff Tara Carreon ("Plaintiff") moved for Judgment on the Pleadings on her Third Claim for Relief against St. Pierre in Plaintiff's Second Amended Complaint ("SAC," Dkt. # 23).  Based on the undisputed facts presented in the pleadings, Plaintiff established that St. Pierre embezzled plaintiff's Shasta County rural property ("Plaintiff's Property") on January 24, 2019 by selling Plaintiff's Property to the Edwards defendants at a Trustee Sale, after having reliably secured Plaintiff's ignorance of the legal process that would result in her being dispossessed of her real property.

St. Pierre failed to file timely opposition within the two week period prior to the originally noticed hearing date of July 13, 2023.

On July 19, 2023, St. Pierre filed a Motion for a 21-Day Extension of Time to File Late Opposition to Plaintiff's Motion for Judgment on the Pleadings (Dkt. # 48), and a Motion to Amend the Answer to the Amended Complaint (Dkt. # 49).  Both motions were noticed for hearing on August 24, 2023.

In this consolidated brief, timely filed on August 10, 2023, fourteen days prior to the noticed hearing date,[1] Plaintiff opposes the two motions, (Dkt. #48 and #49), and replies to the [Proposed] Late Opposition of Defendant (Dkt. # 48-1).

### II.   SUMMARY OF ARGUMENT

St. Pierre's Answer admits the indelible truth -- she consciously went through the motions of serving Plaintiff with the Notice of Trustee's Sale in a manner she knew would deprive Plaintiff of notice that her property would be sold on the courthouse steps on January 24, 2019.  St. Pierre's mailing of the Notice of Sale to the Expired Address deprived Plaintiff of the service "required by law" that St. Pierre was obligated to provide under the Deed of Trust, because the service required by law is service "reasonably

---

1 L.R. 230(c) states: "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  Defendant St. Pierre's "Statement of Non-Opposition" (at Dkt. # 51 and # 52) are thus incorrect, and appear to be calculating opposition dates based on an inapplicable rule.

calculated to achieve actual notice," and cannot, as a matter of law, be found where the party attempting service relied on a manner of service know to be 100% ineffective at providing actual notice.  Such "service" is mere sewer service, a fraudulent practice used to separate victims from their ownership rights to property under the guise of legal process that is properly defined as embezzlement in violation of  Cal. Penal Code §§ 484, 503 and 506.  Thus, St. Pierre's contention that "Plaintiff does not appear to dispute that the duties of the trustee were performed per statute" is false.  St. Pierre's deliberate non-performance of the primary duty required of her under the Deed of Trust – to use a method of service "reasonably calculated to achieve actual notice" is a violation of the criminal law against transferring property away from an owner in a transaction of which they have no knowledge.

The arguments presented in St. Pierre's proposed opposition (Dkt. # 48-1) fail to establish grounds for denial of Plaintiff's Motion for Judgment on the Pleadings (Dkt. # 41).  *First*, the affirmative allegations of St. Pierre's First Affirmative Defense (Dkt. # 36, 2:11 – 3:16) recite the very facts based upon which Plaintiff moves for judgment, and compels the conclusion that St. Pierre's receipt of two returned postal envelopes she had sent to the Expired Address before she mailed the Notice of Trustee's Sale to the same address provided her with knowledge that the Notice of Trustee's sale would meet the same, undelivered fate.  St. Pierre's own words leave no doubt as to the fact that she knew this: "***Once again***, the Certified mail notices were returned unclaimed."  (Answer, Dkt. # 36, 3:5, emphasis added.) St. Pierre's own words convict her of consciously sending the Notice of Trustee's Sale to an address where she knew Plaintiff didn't live, and eliminate any need for "speculation … that the trustee knew Notice of Trustee's Sale had not been served." ([Proposed] Late Opposition, Dkt. 48-1, 5:14-15.)

*Second*, the California Supreme Court specifically did not decide the issue presented by Plaintiff in the case at bar when it decided *I. E. Assocs. v. Safeco Title Ins. Co.,* 39 Cal. 3d 281 (1985). "Whether … the trustee has an independent duty, as the common agent of the parties to make reasonable efforts to give actual notice is a question

PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO ST. PIERRE'S MOTIONS AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

3

we need not decide in the present case." *I. E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 289 (1985).  In *Safeco, supra*, the California Supreme Court did not confront the facts presented here, that show a concerted effort to deprive Plaintiff of notice for the very purpose of depriving her of ownership of her real property.  Accordingly, *Safeco* is not dispositive of the issue presented here.

*Third*, Plaintiff does not contend that any statutory scheme is unconstitutional, but rather, that St. Pierre's duty to provide notice as "required by law" could not be satisfied by mimicking the act of providing notice at a "last known address" when that address was specifically known to be expired.

Because the fatal admissions in St. Pierre's Answer (Dkt. # 36) are the sort that cannot be remedied by amendment, St. Pierre's motion to file an amended answer (Dkt. # 49) should be denied.

## III.   ARGUMENT

### A.   On January 24, 2019, St. Pierre Sold Plaintiff's Property to the Edwards Defendants , Having Reliably Secured Plaintiff's Ignorance of the Trustee's Sale by Sending the Notice of Sale to the Expired Address.

On 1/24/2019, with knowledge that her mailings to Plaintiff's Expired Address had secured Plaintiff's ignorance of the trustee's sale, St. Pierre signed the Trustee's Deed, conveying Plaintiff's Property to the Edwards defendants for the recorded price of $89,723.14.  (Dkt. # 41-3, Exhibit 2 of Carreon Dec., pages 9 and 10; Edwards Defendants' as Motion to Dismiss, Dkt. # 8-2.)

St. Pierre secured Plaintiff's ignorance of the pending Trustee Sale by relying upon a method of service she was certain would not provide actual notice to Plaintiff. When a legal procedure, judicial or non-judicial, will dispossess a person of their property, a trustee of property may only acquit their duty to provide the notice "required by law" by employing "means … such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 657 (1950).  This standard imposes a Constitutional requirement that the California Supreme Court has applied to California statutory

schemes that impose the duty of serving process on property owner, even though the statutes themselves do not expressly prescribe application of the *Mullane* due process test to determine the lawfulness of a property trustee's service efforts.[2]

St. Pierre's conduct was not a mere innocent omission, but rather, a conscious tactic for asserting compliance with service requirements by a method certain to deprive the interested party of notice of a legal proceeding where they are obliged to respond in order to protect their interests.  Such conduct, consciously directed at supplying the appearance of service while actually accomplishing the reverse, has been called "sewer service,"[3] and is not the service "required by law" according to the terms of the Trust Deed pursuant to which St. Pierre assumed her office.  As the Maryland District Court observed under similar facts:  ***"The Court is … confounded by how Plaintiff's claimed 'service' is reasonably calculated to apprise interested parties of the pendency of the action [when it] has not served Defendant Pacheco but merely dropped off a complaint at his supposed last known address. Nor can Plaintiff point to any evidence in the record demonstrating his due diligence in locating Defendant."***  *RoyaltyStat, LLC v. IntangibleSpring Corp.*, Civil Action No. PX 15-3940, 2017 U.S. Dist. LEXIS 7302, at *17-18 (D. Md. Jan. 19, 2017).

---

[2] *Bennett v. Hibernia Bank*, 47 Cal.2d 540, 556 (1956), holding that the provisions of the California Bank Act (§ 29(a)) requires personal service of resident members whose names appear on the corporate records, as well as their California resident's successors in interest, whenever the bank, ***by the exercise of reasonable diligence, can discover the whereabouts of the successors***. Any other construction would deprive successor-members of due process, despite their interest being known to the corporation.  *Bennett v. Hibernia Bank*, 47 Cal.2d at 555-556.  *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137, 53 Cal. Rptr. 2d 215, 220 (1996)(quashing service of summons where plaintiff failed to exercise reasonable diligence to learn actual current address of Canadian resident).

[3] *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1073 (N.D. Cal. 2011) (allowing FDCPA claim to proceed against process serving company that provided "sewer service" to facilitate debt collection).

PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO ST. PIERRE'S MOTIONS AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

5

Federal courts in California diversity actions apply the *Mullane* analysis to determine the validity of service of process efforts. *Duarte v. Freeland*, Nos. C-05-2780 EMC, 11, 80, 2008 U.S. Dist. LEXIS 30800, at *4 (N.D. Cal. Mar. 7, 2008)(denying request to allow service by publication pursuant to C.C.P. § 415.50(a) because plaintiff "has not made the reasonably diligent search required" in public directories), citing *Mullane*, 339 U.S. at 314 (1950). "Because of due process concerns," plaintiff must "show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Fiorito v. Anderson*, No. 5:18-cv-00506-FWS-KES, 2022 U.S. Dist. LEXIS 235983, at *5 (C.D. Cal. Nov. 29, 2022), *quoting Duarte v. Freeland, supra*;

If St. Pierre had been "desirous of actually informing" Plaintiff that Plaintiff's Property was going on the auction block on January 24, 2019, she would never have wasted the postage cost to send the Notice of Trustee's Sale to an address from whence previously served documents had been returned by the Postal Service months earlier. However, that is exactly what St. Pierre did. On September 22, 2022, St. Pierre had picked up the undelivered Notice of Default that she had sent by U.S. Postal Service to Plaintiff's Expired Address. (Exhibit 1, pages 17 and 19).

When St. Pierre mailed the Notice of Trustee's Sale to the Expired Address on December 27, 2018, she knew for a certainty that Plaintiff would never receive it. (Exhibit 1, page 25). Rather than making the service required by law, St. Pierre indulged in a charade, a mere gesture that mocks the genuine effort to effect actual notice that is required by law. "[W]hen notice is a person's due, process which is a mere gesture is not due process." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 315, 70 S. Ct. 652, 657 (1950).

/ / /

/ / /

**PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO ST. PIERRE'S MOTIONS AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

6

**B.    St. Pierre's Knowing Transfer of Plaintiff's Property, of Which Plaintiff Was Ignorant Due to St. Pierre's "Sewer Service" of the Notice of Trustee's Sale, Satisfied the *Mens Rea* Element of Embezzlement.**

There can be only one reason why St. Pierre relied "upon a form of service that had previously proven ineffective."   She intended to sell the property to the Edwards defendants without interference from Plaintiff, and thus performed precisely the series of acts required to hold the sale while keeping Plaintiff in the dark about her intentions.

Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted." *Ferrick v. Santa Clara Univ.*, 231 Cal. App. 4th 1337, 1347, 181 Cal. Rptr. 3d 68, 78 (2014).[4]  "Theft is characterized as the felonious taking of property which is not one's own.  Embezzlement is the fraudulent misappropriation of property by a person to whom it is entrusted. The statute defining embezzlement applies to trustees." *People v. Glass*, 181 Cal. App. 2d 549, 552 (1960)(finding trustee under real estate deed of trust had embezzled the property so entrusted to him) (citations omitted).  Plaintiff's Property was entrusted to St. Pierre.[5]

**C.    The Circumstances Negate any Claim of Good Faith on the Part of St. Pierre, Who Sold Plaintiff's Property Out From Under Her, Knowing Plaintiff Had Never Received the Notice of Trustee's Sale, Because the Postal Service Had Returned it to St. Pierre Three Weeks Before the Sale, Just as St. Pierre Intended.**

"The intent to steal or *animus furandi* is the intent, without a good faith claim of right, to permanently deprive the owner of possession." *People v. Davis*, 19 Cal. 4th 301,

---

[4] "There is authority which  holds that larceny necessarily involves the taking of personal property but 'it is clear that real property as well as personal property may be the subject of theft by false pretenses.'" *People v. Shirley*, 78 Cal. App. 3d 424, 436, 144 Cal. Rptr. 282, 289-90 (1978)(citation omitted).

[5]  (Answer, Dkt. # 36, page 2, lines 15 – 17; Exhibit 1 hereto, page 002.)  St. Pierre assumed the duties of escrow officer and trustee of the trust deed executed by Plaintiff as trustor.  (Carreon Dec. ¶ 5.a.;Exhibit 1, pages 007 – 009.)  Pursuant to the trust deed, in the event of a claimed default by Plaintiff,  St. Pierre's power to sell the property as trustee was contingent upon her providing to Plaintiff the "notice of sale … as then required by law." (Exhibit 1, page 009, item (6)).  It is this provision of the Deed of Trust that St. Pierre intentionally breached in order to permanently deprive Plaintiff of her interest in Plaintiff's Property.

305, 79 Cal. Rptr. 2d 295, 297-98, 965 P.2d 1165, 1167-68 (1998).   St. Pierre's sale of the property was sure to permanently deprive Plaintiff of her ownership interest in Plaintiff's Property, and entirely negates a finding of good faith belief in the lawfulness of the transfer.  "Whether a claim is advanced in good faith does not depend solely upon whether the claimant believes he was acting lawfully; the circumstances must be indicative of good faith.  For example, the circumstances in a particular case might indicate that although defendant may have 'believed' he acted lawfully, he was aware of contrary facts which rendered such a belief wholly unreasonable, and hence in bad faith." *People v. Stewart*, 16 Cal. 3d 133, 140, 127 Cal. Rptr. 117, 120, 544 P.2d 1317, 1320 (1976), *quoting People* v. *Martin* 153 Cal.App.2d 275, 283 (1957) and *citing People* v. *Scholder,* 143 Cal.App.2d Supp. 836, 839 (1956).

St. Pierre's subjective belief is irrelevant to this motion, because she knew she deliberately deceived Plaintiff by sending the Notice of Sale to the Expired Address, where she could not receive it. Even more culpably, St. Pierre consciously exploited Plaintiff's ignorance of the January 24, 2019 Trustee's Sale by selling Plaintiff's Property, knowing very well that Plaintiff would not appear at the sale because, on January 3, 2019, the Postal Service had returned the Notice of Trustee's Sale as undeliverable – exactly the result St Pierre intended when she mailed it to the Expired Address.[6]  St. Pierre's deliberate efforts to conduct the sale without Plaintiff's knowledge, and her actual conduct of the sale in Plaintiff's intentionally procured absence, negate any claim of good faith.  *People v. Howard,* 36 Cal. 3d 852, 869, 206 Cal. Rptr. 124, 135, 686 P.2d 644, 655 (1984) ("stealth and deception [in committing a crime] cast doubt on any genuine belief in legal rights").

/ / /

/ / /

---

[6] On January 3, 2019, the U.S. Postal Service returned the envelope containing the Substitution of Trustee and Notice of Trustee's Sale (USPS tracking number x-0079) to St. Pierre.

**D.** **California Law Protects the Right of A Property Owner to Recover Damages for the Breach of the Duty to Convey Property Only With the Knowledge of the Owner.**

In *Hernandez v. Lopez*, 180 Cal.App. 4th 932 (2009), the Fourth Appellate District showed the extent to which the letter of the law must give way to the spirit when construing claims alleging the theft of real property as an intentional tort.  The case involved the sale of a Mexican restaurant, including its lease and liquor license for $140,000, with a payment of $10,000 in earnest money.  180 Cal.App. 4th at 935.  Lopez, the buyer, agreed to take over the restaurant premises lease and make payments to the seller; however, instead of fulfilling that aspect of the contract, he signed a new lease directly with the landlord.  180 Cal.App. 4th at 936.  After some delay in the liquor license transfer process, Lopez cancelled the escrow, and the $10,000 earnest money was refunded to the Hernandez.  180 Cal.App. 4th at 936.  Thus, "the Hernandezes expected to retain their liquor license and regain control of the restaurant operations."  180 Cal.App. 4th at 936.  But two weeks after cancelling the escrow, when the liquor license transfer to Lopez came through, Lopez decided to remain in the premises, and according to Hernandez, refused to make payments or vacate the premises.  180 Cal.App. 4th at 936.  A few months later, Lopez sold the restaurant to a third party for $93,000, and paid nothing to Hernandez.  180 Cal.App. 4th at 936.  The trial court found no breach of contract, and declared to be "mystified as to how [the Hernandezes] could sell a business they didn't own, or on what theory they [could] keep the $95,000 for which they 'sold' the restaurant."  180 Cal.App. 4th at 937.

The trial court's acquiescence in the transparent legerdemain practiced by Lopez did not sit well with the appellate court: "The trial court focused unduly on labels."  180 Cal.App. 4th at 938.  Instead of "focusing on labels," the trial judge should have seen that the case "provides a textbook example for application of the equitable doctrine of unjust enrichment." 180 Cal.App. 4th at 938.  The doctrine of unjust enrichment could be applied "based on the pleaded cause of action for breach of contract."  180 Cal.App. 4th at 939.  Since "the defendants converted [plaintiffs'] property and violated their right to possess

the leased premises, analysis "in a case involving unlawful intrusion on property rights should focus upon the nature of the injury and the damages sought," because the "'common law does not stand idle while people give away [or sell] the property of others.'"  *Hernandez v. Lopez*, 180 Cal.App. 4th at 936, *quoting Kremen v. Cohen*, 337 F.3d 1024, 1036 (9th Cir. 2003)(stolen Internet domain name transferred by domain registrar by use of forged transfer letter returned to original registrant under conversion theory).

Just as the trial court in *Hernandez v. Lopez* would have done well to avoid entanglement in the niceties of pleadings, and focus on the grievous tort alleged, this Court should look past St. Pierre's facial adherence to the words of a statutory scheme. What is clearly visible under the veneer of statutory compliance is intentional criminal conduct in the performance of official duties that exposes St. Pierre to tort liability. There is no "immunity" provision in the non-judicial foreclosure scheme.  *Safeco, supra*, held that a trustee who made unsuccessful efforts to find a new address had no further duty to inquire, but as quoted in section II supra, the *Safeco* opinion expressly declined to consider the contention made herein.

Plaintiff contends that a common law duty, arising from the Deed of Trust language, precluded St. Pierre from consciously depriving Plaintiff of real estate ownership by sending fake notice to an address where she knew Plaintiff didn't live. St. Pierre's Answer admits the core facts of an embezzlement charge.  St. Pierre's theft, consistent with the Edwards defendants' legal and financial interests, was accomplished by stealth, under cover of Plaintiff's ignorance, procured by the diligent mailing of all foreclosure documents to the Expired Address.

The reason for committing theft by stealth is to assure that the victim not interfere with the process of dispossession.  In *Kremen v. Cohen*, as in the case at bar, Kremen, the victim of the theft, failed to prevent the transfer of his property because Network Solutions transferred his valuable Internet domain to a thief without notifying Kremen

**PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO ST. PIERRE'S MOTIONS AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

10

before the transfer, or providing him any redress after the fact.[7]  Although Network Solutions received no payment from Kremen, who had registered the domain name for free, it nevertheless had a common law duty not to convert the domain name.  "Exposing Network Solutions to liability when it gives away a registrant's domain name on the basis of a forged letter is no different from holding a corporation liable when it gives away someone's shares under the same circumstances."  *Kremen v. Cohen*, 337 F.3d 1024, 1035 (9th Cir. 2003).  In this case, where St. Pierre received consideration for the transaction, the duty to give more than lip service to the performance of her central job – conveying notice to Plaintiff – is all the more binding.

The law of California does not give license to practice fraud under the guise of non-judicial foreclosure.  St. Pierre's contractual duties were clear – she had to give the "notice required by law."  No reasonable contracting party would assume that St. Pierre could acquit that duty by performing acts that were the precise opposite of making a genuine effort to provide Plaintiff with notice of the January 24, 2019 Trustee's Sale.  St. Pierre breached her contractual duty by an act of bad faith non-performance with full intent that the result be to transfer Plaintiff's Property to the Edwards defendants without notice to Plaintiff.  St. Pierre's admitted conduct cannot be distinguished from that of real estate embezzlers convicted by the State of California.  *See* cases cited at section III.B., *supra*.  Accordingly, she is liable for embezzlement under Penal Code § 496(c).

Just as the contractual duties of the restaurant buyer in *Hernandez, supra*, when disregarded in bad faith, provided the predicate for application of the law of unjust

---

[7] "[The domain thief] sent Network Solutions what purported to be a letter he had received from Online Classifieds. It claimed the company had been 'forced to dismiss Mr. Kremen,' but 'never got around to changing our administrative contact with the internet registration [sic] and now our Board of directors has decided to abandon the domain name sex.com.'" *** Network Solutions made no effort to contact Kremen. Instead, it accepted the letter at face value and transferred the domain name to Cohen. When Kremen contacted Network Solutions some time later, he was told it was too late to undo the transfer. Cohen went on to turn sex.com into a lucrative online porn empire." *Kremen v. Cohen*, 337 F.3d 1024, 1026 – 207 (9th Cir. 2003)

enrichment, in this case, St. Pierre's willful breach of her contractual duties provide the basis for the claim of embezzlement.

## IV.   ST. PIERRE'S UNTIMELY OPPOSITION MAY BE DISREGARDED

The Court may construe St. Pierre's failure to file opposition as non-opposition. "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." (L.R. 230, *citing* F.R.Civ.P. 78)

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Goens v. Adams & Assocs.*, No. 2:16-cv-00960-TLN-KJN, 2017 U.S. Dist. LEXIS 213653, at *5 (E.D. Cal. Dec. 31, 2017)(citations omitted).

The problem with St. Pierre's Rule 6(b) motion is simple – the failure to file opposition occurred on her watch, before she hired an attorney.  She has provided no reason for not filing timely opposition before she hired a lawyer.  St. Pierre has established neither the reason for the dispositive period of delay, nor her good faith. Accordingly, she has failed to meet the requirements for granting Rule 6(b) relief.

## V.   NO AMENDMENT WILL SAVE ST. PIERRE'S CASE, AND AMENDMENTS SHOULD NOT BE PERMITTED THAT WOULD CONTRADICT ST. PIERRE'S PRIOR, UNVARNISHED ADMISSIONS

No amendment can save St. Pierre's case.  Should the Court permit the filing of an amended answer, defendant should not thereby be deemed to have withdrawn the clear admissions presented in her original Answer (Dkt. # 36.)

/ / /

/ / /

/ / /

## VI.    CONCLUSION

The motion for judgment on the pleadings should be granted for Plaintiff against St. Pierre in the amount of $89,723.14, trebled pursuant to Cal. Penal Code § 496(c), for a total judgment of $269,169.42, plus an award of attorney's fees and litigation costs pursuant to Rule 54(d).

Dated:  August 10, 2023                    CHARLES CARREON,
                                           ATTORNEY AT LAW

                                           By:/s/Charles Carreon
                                           CHARLES CARREON (CSB #127139)
                                           Attorney for Plaintiff
                                           Tara Lyn Carreon