1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    TARA LYN CARREON,                        No. 2:19-cv-1879-TLN-JDP

12                   Plaintiff,

13          v.                                  **ORDER**

14    ED F. EDWARDS; SUSAN L.
      EDWARDS; JANELLE ST. PIERRE;
15    BRITANY LYNN DICKERSON,

16                   Defendants.

17

18

19          This matter is before the Court on Plaintiff Tara Lyn Carreon's ("Plaintiff") Motion for

20    Judgment on the Pleadings.  (ECF No. 41.)  Also pending before the Court is Defendant Janelle

21    St. Pierre's ("St. Pierre") Motion to Amend the Answer.  (ECF No. 49.)  Both motions have been

22    fully briefed.  For the reasons set forth below, the Court GRANTS St. Pierre's motion to amend

23    and DENIES Plaintiff's motion for judgment on the pleadings as moot.

24    ///

25    ///

26    ///

27    ///

28    ///

                                               1

1      **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2              This case arises out of a dispute over allegedly false representations made in the sale of

3      real property in Shasta County, California (the "Subject Property").  (ECF No. 23.)

4              In May 2015, Plaintiff purchased the Subject Property from Ed F. Edwards and Susan L.

5      Edwards (collectively, the "Edwards") and agreed to repay the Edwards for the Subject Property

6      through monthly installments.  (*Id.* at 2–3, 8.)  However, when Plaintiff made the purchase,

7      Plaintiff alleges the Edwards made "material misrepresentations … to induce Plaintiff to purchase

8      the Property despite known defects and encumbrances."  (*Id.* at 2–3.)  Specifically, in September

9      2015, Plaintiff's agent "discovered the misrepresentations … [when] a Shasta County Code

10     Enforcement Officer appeared" because the Subject Property was not remediated as required by

11     June 3, 2015 notice of inspection.  (*Id.* at 7.)  Plaintiff subsequently "notified Sellers that she was

12     rescinding the Putative contract for misrepresentation and mistake, and would make no further

13     payments."  (*Id.*)  In March 2016, Plaintiff sent the Edwards a "Mutual Rescission of Land Sale

14     Agreement", but the Edwards did not sign it.  (*Id.* at 8.)  Plaintiff made no further payments to the

15     Edwards for the Subject Property.  (*Id*.)  St. Pierre, acting as trustee, and the Edwards

16     subsequently repossessed the property by default "without actual notice or any effort to provide

17     notice …."  (*Id.* at 10.)

18             On September 17, 2019, Plaintiff initiated this action.  (ECF No. 1.)  On November 26,

19     2019, Plaintiff filed a First Amended Complaint against all Defendants.  (ECF No. 6.)  On

20     November 6, 2021, Plaintiff filed the operative Second Amended Complaint ("SAC").  (ECF No.

21     23.)  On November 16, 2021, the Edwards filed a motion to dismiss Plaintiff's first, second, third,

22     and fifth causes of action in the SAC.  (ECF No. 31.)  On December 2, 2021, Plaintiff filed an

23     opposition to the Edwards' motion to dismiss and voluntarily dismissed her first cause of action.

24     (ECF No. 32.)  The Court denied the motion to dismiss, finding Plaintiff had pleaded sufficient

25     facts to support her allegations of fraud under the Uniform Voidable Transactions Act,

26     contractual property theft, and intentional infliction of emotional distress against the Edwards.

27     (ECF No. 38.)

28     *///*

2

1    On January 28, 2022, St. Pierre filed an answer to the SAC.  (ECF No. 36.)  On June 12,

2    2023, Plaintiff filed the instant motion for judgment on the pleadings.  (ECF No. 41.)  On July 2,

3    2023, St. Pierre retained counsel.  (ECF Nos. 44, 45.)  On July 19, 2023, St. Pierre filed the

4    instant motion to amend her answer to the SAC.  (ECF No. 49.)

5    On August 10, 2023, before receiving Plaintiff's opposition, St. Pierre filed a statement of

6    non-opposition to her motion to amend, alleging Plaintiff had until August 2, 2023, to file an

7    opposition, but failed to do so.  (ECF No. 52.)  On August 10, 2023, Plaintiff filed an opposition

8    to St. Pierre's motion to amend.  (ECF No. 53.)  The Court deemed Plaintiff's opposition to be

9    timely filed.  (ECF No. 57.)

10   **II.      STANDARD OF LAW**

11   Granting or denying leave to amend rests in the sound discretion of the trial court.

12   *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When a court issues a pretrial

13   scheduling order that establishes a timetable to amend, Federal Rule of Civil Procedure ("Rule")

14   16 governs amendments to a pleading.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th

15   Cir. 2000).  Under Rule 16, a plaintiff must show good cause for not having amended the

16   pleading before the time specified in the pretrial scheduling order.  *Id.*  The good cause standard

17   primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth*

18   *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Moreover, carelessness is not compatible

19   with a finding of diligence and offers no reason for a grant of relief."  *Id.*  The focus of the inquiry

20   is on the reasons why the moving party seeks to modify the pleading.  *Id.*  If the moving party

21   was not diligent, then good cause cannot be shown, and the inquiry should end.  *Id.*

22   Even if the good cause standard is met under Rule 16(b), the Court has the discretion to

23   refuse amendment if it finds reasons to deny leave to amend under Rule 15(a).  *Johnson*, 975 F.2d

24   at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's

25   written consent or the court's leave," and the "court should freely give leave when justice so

26   requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has considered five factors in determining

27   whether leave to amend should be given: "(1) bad faith[;] (2) undue delay[;] (3) prejudice to the

28   opposing party[;] (4) futility of amendment; and (5) whether plaintiff has previously amended his

3

1    [pleading]." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir.

2    2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

3        **III.   ANALYSIS**

4        St. Pierre moves to amend her answer to Plaintiff's SAC.  (ECF No. 49 at 3.)  St. Pierre

5    argues the Court should grant leave to amend because good cause exists and no party will be

6    prejudiced.  The Court agrees.

7        In determining whether good cause exists, "the focus of the inquiry is upon the moving

8    party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.  In the instant case, St.

9    Pierre seeks amendment so that she can file a more accurate and detailed answer to the SAC now

10   that she has retained counsel.  (ECF No. 49 at 3.)  Specifically, St. Pierre authored her original

11   answer to the SAC without counsel, which denied all claims and asserted four affirmative

12   defenses.  (ECF No. 36.)  In St. Pierre's proposed amended answer, she admits several claims and

13   states fourteen affirmative defenses.  (ECF No. 49-1.)  As noted by St. Pierre, "[f]ederal policy

14   strongly favors determination of cases on their merits."  (ECF No. 49 at 3); *see Hurn v. Ret. Fund*

15   *Tr. of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981);

16   *Foman*, 371 U.S. at 181–82.  Moreover, the Court notes St. Pierre was diligent in filing her

17   motion to amend only two weeks after retaining counsel.  *See Johnson*, 975 F.2d at 609 ("Rule

18   16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

19   amendment.") Thus, given the Court's desire to facilitate the proper disposition of this case on the

20   merits, the Court finds there is "good cause" to grant St. Pierre leave to amend.

21       Plaintiff's only argument in opposition is that amendment would be futile because "no

22   amendment can save St. Pierre's case."  (ECF No. 53 at 12.)  However, Plaintiff offers no support

23   for this argument or any explanation as to how "the pleading could not possibly be cured by the

24   allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (citation

25   omitted).

26       Moreover, having reviewed the amended pleading, the Court finds there is no indication

27   Plaintiff would be unduly prejudiced by granting St. Pierre leave to amend.  Prejudice is the

28   factor that weighs most heavily in a court's analysis of whether to grant leave to amend.

                                                    4

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The Ninth Circuit has found substantial prejudice where amendment significantly alters the nature of the action at a late stage of litigation.  *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  In the instant case, granting leave to amend would not significantly alter the nature of this action because St. Pierre is not seeking to add new Defendants or counterclaims to this action.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (analyzing when adding parties or claims results in undue prejudice).

As the Court finds good cause for St. Pierre to amend and no undue prejudice to Plaintiff, the Court GRANTS St. Pierre's motion to amend.  (ECF No. 49.)  Given Plaintiff is solely moving for judgement on the pleadings for Plaintiff's third cause of action against St. Pierre and St. Pierre's original answer is no longer the operative pleading, the Court DENIES Plaintiff's motion for judgment on the pleadings as moot.  (ECF No. 41.)

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS St. Pierre's Motion to Amend (ECF No. 49) and DENIES Plaintiff's Motion for Judgment on the Pleadings (ECF No. 41) as moot.  St. Pierre shall file her amended answer no later than fourteen (14) days from the electronic filing date of this Order.  For the purposes of calculating time as set forth in the Scheduling Order (*see* ECF No. 5), St. Pierre's amended answer will be deemed the "last filed answer."

IT IS SO ORDERED.

Date: March 25, 2024

Troy L. Nunley
United States District Judge